| | |
|---|---|
| Jeffrey S. Sabin | Andrew J. Currie (to be admitted *pro hac vice*) |
| Rishi Kapoor | VENABLE LLP |
| VENABLE LLP | 575 7th Street, NW |
| 1270 Avenue of the Americas | Washington, DC 20004 |
| New York, New York 10020 | Telephone: (202) 344-4000 |
| Telephone: (212) 307-5500 | Facsimile: (202) 344-8300 |
| Facsimile: (212) 307-5598 | |

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
:
In re:                                                           :    Chapter 11
:
ADVANCE WATCH COMPANY LTD.,    :    Case No. 15-12690 (___)
:
    Debtor.                                                   :
:
Tax I.D. No. 38-2038061                              :
------------------------------------------------------------ x
:
In re:                                                           :    Chapter 11
:
BINDA USA HOLDINGS, INC.,                 :    Case No. 15-12691 (___)
:
    Debtor.                                                   :
:
Tax I.D. No. 75-3268916                              :
------------------------------------------------------------ x
:
In re:                                                           :    Chapter 11
:
SUNBURST PRODUCTS, INC.,                 :    Case No. 15-12692 (___)
:
    Debtor.                                                   :
:
Tax I.D. No. 95-3535972                              :
------------------------------------------------------------ x

```
----------------------------------------------------------- x
                                                            :
In re:                                                      :    Chapter 11
                                                            :
GWG INTERNATIONAL, LTD.,                                    :    Case No. 15-12693 (___)
                                                            :
                        Debtor.                             :
                                                            :
Tax I.D. No. 26-4222468                                     :
----------------------------------------------------------- x
```

**DEBTORS' MOTION FOR ENTRY OF AN ORDER
DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES**

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") file this motion (the "**Motion**") for entry of an order, substantially in the form of order attached hereto as **Exhibit A** (the "**Order**"), directing joint administration of the Debtors' chapter 11 cases, and in support, state as follows:

**Jurisdiction and Venue**

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are § 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Bankruptcy Rules**").

2

## Background[1]

3. On September 30, 2015 (the "**Petition Date**"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

## Relief Requested

4. By this Motion, the Debtors seek entry of an order directing joint administration of these chapter 11 cases for administrative purposes only. The Debtors request that the Court maintain one file and one docket for all of the jointly-administered cases under the case number assigned to Advance Watch Company, Ltd. ("**Advance**") and that these cases be administered under the following consolidated case caption (the "**Consolidated Caption**"):

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| ADVANCE WATCH COMPANY LTD., et al., | : | Case No. 15-12690 (___) |
| Debtors.[1] | : | Jointly Administered |

---

[1] A detailed description of the Debtors' businesses and the reasons for the filing of these chapter 11 cases and for the relief sought in this Motion are set forth in the Declaration of Jeffrey L. Gregg, Chief Restructuring Officer of the Debtors (I) in Support of Debtors' Chapter 11 Petitions and First-Day Filings and (II) Pursuant to Local Bankruptcy Rule 1007-2 (the "**First-Day Declaration**"), being filed contemporaneously with this Motion.

3

5. The Debtors request that the text accompanying the footnote in the Consolidated Caption state as follows:

> The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Advance Watch Company, Ltd. (8061); Binda USA Holdings, Inc. (8916); Sunburst Products, Inc. (5972), and GWG International, Ltd. (2468).

6. The Debtors also request that a docket entry reflecting the joint administration of these chapter 11 cases be made on the docket of each of the chapter 11 cases of the Debtors, other than Advance. The Debtors suggest the following language for said docket entry:

> An order has been entered directing the joint administration, for administrative purposes only, of the chapter 11 cases of Advance Watch Company Ltd.; Binda USA Holdings, Inc.; Sunburst Products, Inc.; and GWG International, Ltd.. All further pleadings and other papers shall be filed, and all further docket entries shall be made, in Case No. 15-12690 (___).

7. The Debtors further seek authority to file, in the lead case, all monthly operating reports required by the Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees, issued by the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**"), by consolidating the information required for each of the Debtors in one report that tracks and breaks out all of the specific information (*e.g.*, receipts, disbursements, etc.) on a Debtor-by-Debtor basis.

8. The Debtors request that, notwithstanding the procedural joint administration of the Debtors' chapter 11 cases, separate claims registers be maintained for each of the Debtors.

### Basis for Relief

9. Bankruptcy Rule 1015(b) provides, in pertinent part, that if "two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015. The Debtors are "affiliates" as that

4

term is defined in § 101(2) of the Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

10. Additionally, § 105(a) of the Bankruptcy Code provides the Court with the power to grant the relief requested herein by permitting the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the [Bankruptcy Code]." 11 U.S.C. § 105(a).

11. Administrative joint administration of the chapter 11 cases of multiple, related debtors, like the Debtors, is non-controversial. Requests for such relief are routinely granted. See, e.g., In re Chassix Holdings, Inc., Case No. 15-10578 (MEW) (Bankr. S.D.N.Y. Mar. 12, 2015); In re MPM Silicones, LLC, Case No. 14-22503 (RDD) (Bankr. S.D.N.Y. Apr. 14, 2014); In re Legend Parent, Inc., Case No. 14-10701 (JLG) (Bankr. S.D.N.Y. Mar. 21, 2014); In re Sbarro LLC, Case No. 14-10557 (MG) (Bankr. S.D.N.Y. Mar. 12, 2014); In re Old HB, Inc. (f/k/a Hostess Brands, Inc.), Case No. 12-22052 (RDD) (Bankr. S.D.N.Y. Jan. 12, 2012).[2]

12. Given the integrated nature of the Debtors' operations, joint administration of their chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders in these chapter 11 cases will affect all of the Debtors. Entry of the Order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration also will allow the U.S. Trustee and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

13. Further, joint administration will not adversely affect any of the Debtors' respective constituencies because this Motion seeks only joint administration—***not*** substantive

---

[2] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

5

9922725-v3

consolidation—of the Debtors' estates. Parties in interest will not be harmed by the relief requested. Indeed, parties in interest will benefit from the cost reductions associated with the joint administration of the Debtors' chapter 11 cases. Accordingly, the Debtors submit that the joint administration of their chapter 11 cases is in the best interests of the Debtors' estates, their creditors, and all other parties in interest.

## Notice

14.   The Debtors have provided notice of this Motion to: (a) the Office of the United States Trustee for the Southern District of New York (United States Trustee's Office Region 2, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014); (b) the entities listed on the Consolidated List of Creditors Holding the 30 Largest Unsecured Claims, filed pursuant to Bankruptcy Rule 1007(d); (c) the administrative agent under the Debtors' first lien credit facility (Wells Fargo Bank National Association, 100 Park Avenue, 14th Floor, New York, New York 10017, Attn: Portfolio Manager - Advance Watch, with a copy to Otterbourg, Steindler, Houston & Rosen, P.C., 230 Park Avenue, New York, New York 10169, Attn: Daniel F. Fiorillo, Esq.); (d) Binda Italia Srl, Via Montefeltro, 4, 20156 Milano, Attention: Simone Binda, CEO, sbinda@bindagroup.com; (e) the Internal Revenue Service (Internal Revenue Service, Centralized Insolvency Operations, P.O. Box 7346, Philadelphia, Pennsylvania 19101-7346); (f) the United States Securities and Exchange Commission (U.S. Securities and Exchange Commission, New York Regional Office, Brookfield Place, 200 Vesey Street, Suite 400, New York, New York 10281-1022); and (g) all parties who have requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtors respectfully submit that no other or further notice is necessary.

**<u>No Prior Request</u>**

15. No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Debtors respectfully request entry of a final order, substantially in the form attached hereto as **<u>Exhibit A</u>**, (i) granting the relief requested herein and (ii) granting such other relief as is just and proper.

Dated: New York, New York
September 30, 2015

Respectfully submitted,

*/s/ Jeffrey S. Sabin*
Jeffrey S. Sabin
Rishi Kapoor
Venable LLP
1270 Avenue of the Americas
New York, New York 10020
Telephone:    (212) 307-5500
Facsimile:    (212) 307-5598

and

Andrew J. Currie (to be admitted *pro hac vice*)
Venable LLP
575 7th Street, NW
Washington, DC 20004
Telephone:    (202) 344-4000
Facsimile:    (202) 344-8300

*Proposed Counsel to the Debtors
and Debtors in Possession*

# EXHIBIT A

**Proposed Order**

9922725-v3

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------- x
                                                        :
In re:                                                  :    Chapter 11
                                                        :
ADVANCE WATCH COMPANY LTD.,                             :    Case No. 15-12690 (___)
                                                        :
         Debtor.                                        :
                                                        :
Tax I.D. No. 38-2038061                                 :
------------------------------------------------------- x
                                                        :
In re:                                                  :    Chapter 11
                                                        :
BINDA USA HOLDINGS, INC.,                               :    Case No. 15-12691 (___)
                                                        :
         Debtor.                                        :
                                                        :
Tax I.D. No. 75-3268916                                 :
------------------------------------------------------- x
                                                        :
In re:                                                  :    Chapter 11
                                                        :
SUNBURST PRODUCTS, INC.,                                :    Case No. 15-12692 (___)
                                                        :
         Debtor.                                        :
                                                        :
Tax I.D. No. 95-3535972                                 :
------------------------------------------------------- x
                                                        :
In re:                                                  :    Chapter 11
                                                        :
GWG INTERNATIONAL, LTD.,                                :    Case No. 15-12693 (___)
                                                        :
         Debtor.                                        :
                                                        :
Tax I.D. No. 26-4222468                                 :
------------------------------------------------------- x
```

## ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES

Upon the motion (the "**Motion**")[1] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for entry of an order directing joint administration of the Debtors' chapter 11 cases; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this chapter 11 proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having found that no other or further notice need be provided; and the Court having reviewed the Motion and the supporting First-Day Declaration, having heard the statements in support of the relief requested therein at a hearing before the Court (the "**Hearing**") and having considered the entire record before the Court; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth in this Order.

2. The above-captioned chapter 11 cases are consolidated, for administrative purposes only, and shall be jointly administered by this Court under Case No. 15-12690 (\_\_\_) (the "**Lead Case**").

---

[1] Capitalized terms used but not defined in this Order shall have the same meanings ascribed to such terms in the Motion.

2

9922725-v3

3.  The caption of these jointly-administered cases shall hereafter read as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------- x
                                                              :
In re:                                                        :   Chapter 11
                                                              :
ADVANCE WATCH COMPANY LTD., et al.,                           :   Case No. 15-12690 (___)
                                                              :
               Debtors.[1]                                    :   Jointly Administered
                                                              :
------------------------------------------------------------- x

4.  The text accompanying the footnote in the foregoing Consolidated Caption shall state as follows:

>   The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Advance Watch Company, Ltd. (8061); Binda USA Holdings, Inc. (8916); Sunburst Products, Inc. (5972), and GWG International, Ltd. (2468).

5.  The foregoing Consolidated Caption and accompanying footnote satisfy the requirements set forth in § 342(c)(1) of the Bankruptcy Code.

6.  A docket entry containing the following text shall be made on the dockets of each of the Debtors' chapter 11 cases other than the Lead Case docket:

>   An order has been entered directing the joint administration, for administrative purposes only, of the chapter 11 cases of Advance Watch Company Ltd.; Binda USA Holdings, Inc.; Sunburst Products, Inc.; and GWG International, Ltd.  All further pleadings and other papers shall be filed, and all further docket entries shall be made, in Case No. 15-12690 (___).

7.  One consolidated docket, one file and one consolidated service list shall be maintained by the Debtors and kept by the Clerk of the United States Bankruptcy Court for the Southern District of New York with the assistance of any notice and claims agent retained by the Debtors in the Debtors' chapter 11 cases.

3

9922725-v3

8.  The Debtors may file, in the lead case, their monthly operating reports required by the *Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees,* issued by the U.S. Trustee, by consolidating the information required for each Debtor in one report that tracks and breaks out all of the specific information (e.g., receipts, disbursements, etc.) on a Debtor-by-Debtor basis.

9.  Separate claims registers shall be maintained for each of the Debtors.

10. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of the Debtors' chapter 11 cases, and entry of this Order is without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases.

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

12. Notice of the Motion, as stated therein, constitutes good and sufficient notice of such Motion, and the requirements of the local rules of this Court are satisfied by such notice.

13. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: New York, New York
           _____, 2015

                                                              _____
                                                              UNITED STATES BANKRUPTCY JUDGE

9922725-v3