Hearing Date and Time:  January 7, 2016 at 4:30 p.m. (prevailing Eastern Time)
Objection Deadline:  December 31, 2015 at 4:00 p.m. (prevailing Eastern Time)

Imperial Capital, LLC
277 Park Avenue, 48th Floor
New York, NY 10172
Telephone:    (212) 351-9700
Facsimile:    (212) 490-5884

*Investment Banker to the Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
 ------------------------------------------------------------ x
                                            :
In re:                                      :   Chapter 11
                                            :
ADVANCE WATCH COMPANY LTD., et al.,         :   Case No. 15-12690 (MG)
                                            :
             Debtors.1                      :   Jointly Administered
                                            :
 ------------------------------------------------------------ x
```

**SUMMARY OF FIRST AND FINAL APPLICATION OF IMPERIAL CAPITAL LLC AS
INVESTMENT BANKER FOR THE DEBTORS FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD FROM
<u>SEPTEMBER 30, 2015 THROUGH NOVEMBER 24, 2015</u>**

| | |
|---|---|
| Name of Applicant: | Imperial Capital LLC |
| Party Represented: | Debtors and Debtors in Possession |
| Date of Retention: | September 30, 2015 to present |
| Period for Which Compensation and Reimbursement Is Sought: | September 30, 2015 through November 24, 2015 |
| Amount of Final Compensation Sought: | $450,000.00[2] |
| Amount of Final Expense Reimbursement Sought: | $130.00[3] |
| Total Compensation and Expense Reimbursement Previously Sought: | $0.00 |
| Total Compensation and Expense Reimbursement Previously Awarded: | $0.00 |
| A list of the names and number of hours billed by each person who billed time during the Application Period is contained in <u>Exhibit B</u> to the Application. | |

---

[1]    The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Advance Watch Company, Ltd. (8061); Binda USA Holdings, Inc. (8916); Sunburst Products, Inc. (5972), and GWG International, Ltd. (2468).

[2]    To be credited against $50,000 retainer paid to Imperial Capital prior to the Petition Date.

[3]    To be credited against $10,000 expense deposit paid to Imperial Capital prior to the Petition Date, with the balance of said deposit to be applied to payment of the final compensation sought.

Imperial Capital, LLC
277 Park Avenue, 48th Floor
New York, NY 10172
Telephone:    (212) 351-9700
Facsimile:    (212) 490-5884

*Investment Banker to the Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------- x
                                              :
In re:                                        :    Chapter 11
                                              :
ADVANCE WATCH COMPANY LTD., et al.,           :    Case No. 15-12690 (MG)
                                              :
            Debtors.[4]                       :    Jointly Administered
                                              :
-------------------------------------------------------------- x

**FIRST AND FINAL APPLICATION OF IMPERIAL CAPITAL LLC**
**AS INVESTMENT BANKER FOR THE DEBTORS FOR COMPENSATION AND**
**REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD**
**FROM SEPTEMBER 30, 2015 THROUGH NOVEMBER 24, 2015**

For its first and final application for compensation and reimbursement of expenses (the

"**Application**"), for the period from September 30, 2015 through November 24, 2015 (the

"**Application Period**"), Imperial Capital LLC ("**Applicant**" or "**Imperial Capital**"), Court-

approved investment banker to Advance Watch Company Ltd., *et al.*, as debtors and debtors-in-

possession (collectively, the "**Debtors**"), respectfully represents as follows:

**JURISDICTION, VENUE AND STATUTORY PREDICATES**

1.    This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and

1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of

---

[4]    The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Advance Watch Company, Ltd. (8061); Binda USA Holdings, Inc. (8916); Sunburst Products, Inc. (5972), and GWG International, Ltd. (2468).

this proceeding and this Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and

1409.

2.      The statutory bases for the relief requested herein are sections 328, 330, and 331

of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules

of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2016-1 of the Local Rules for the

United States Bankruptcy Court for the Southern District of New York (the "**Local Bankruptcy**

**Rules**").    This Application has been prepared in accordance with General Order M-447,

*Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New*

*York Bankruptcy Cases*, effective as of January 29, 2013 (the "**Local Guidelines**"), the *Order*

*Pursuant to 11 U.S.C. §§ 105(a), 330, and 331, Fed. R. Bankr. P. 2016, and Local Rule 2016-1*

*Establishing Procedures for Interim Compensation and Reimbursement of Expenses of*

*Professionals* [Doc. 75] (the "**Interim Compensation Order**"), and the *United States Trustee*

*Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed*

*Under 11 U.S.C. § 330* effective January 30, 1996  (the "**UST Guidelines**" and, together with the

Local Guidelines and the Interim Compensation Order, the "**Guidelines**"). Pursuant to the Local

Guidelines, a certification regarding compliances with the Local Guidelines is attached hereto as

Exhibit A.

## BACKGROUND[5]

### A.      THE CHAPTER 11 CASES

3.      On September 30, 2015 (the "**Petition Date**"), each of the Debtors filed a

voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.  The

---

[5]      A detailed description of the Debtors' businesses and the reasons for the filing of the Chapter 11 Cases are set
forth in the *Declaration of Jeffrey L. Gregg, Chief Restructuring Officer of the Debtors (I) in Support of
Debtors' Chapter 11 Petitions and First-Day Filings and (II) Pursuant to Local Bankruptcy Rule 1007-2*
[Doc. 18], which is incorporated herein by reference.

Debtors have managed and operated their businesses as debtors-in-possession pursuant to

Bankruptcy Code sections 1107(a) and 1108.    These cases (the "**Chapter 11 Cases**") are jointly

administered pursuant to Bankruptcy Rule 1015(b).

4.    On October 1, 2015, the Debtors filed a motion for entry of orders (i) approving

sale procedures for the sale of certain of the debtors assets, (ii) approving certain bidding

protections, (iii) approving the form and manner of notice, (iv) scheduling an auction and a

sale hearing, and (v) approving such sale [Doc. 17].

5.    On October 8, 2015, the United States Trustee for the Southern District of New

York (the "**U.S. Trustee**") appointed a five-member official committee of unsecured creditors

(the "**Creditors' Committee**").

6.    On November 16, 2015, the Court entered an order approving the sale of the

Debtors' assets to the Stalking Horse bidder [Doc. 166].

7.    On December 2, 2015, the Debtors filed a proposed chapter 11 plan [Doc. 185]

and related disclosure statement [Doc. 186].

8.    No trustee or examiner has been appointed in these chapter 11 cases.

B.    **APPLICANT'S RETENTION**

9.    On October 1, 2015, the Debtors filed an Application (the "**Imperial Retention**

**Application**") for an order pursuant to sections 327(a), 328(a) and 1103 of the Bankruptcy

Code, Rule 2014 of the Bankruptcy Rules and Rule 2014-1 of the Local Bankruptcy Rules

seeking authorization to retain Imperial Capital as its investment banker and financial advisor

*nunc pro tunc* to the Petition Date.

10.    On October 26, 2015, the Court entered the *Order Under Bankruptcy Code*

*Sections 327(a) and 328(a) Authorizing Employment and Retention of Imperial Capital LLC as*

*Debtors' Investment Banker Nunc Pro Tunc to the Petition Date* [Doc. 110] (the "**Imperial**

4

**Retention Order**"), approving Applicant's retention on the terms set forth in the Imperial

Retention Application and Imperial Capital's engagement letter annexed thereto (the

"**Engagement Letter**"), subject to certain modifications to the Engagement Letter.

11.    On November 15, 2015, the Court entered the *Final Order Authorizing the*

*Debtors to Obtain Post-petition Financing* [Doc. 165] (the "**Final DIP Financing Order**").  To

expedite negotiations between the Creditors' Committee, the Debtors and the Debtors' lender

regarding the Final DIP Financing Order and a resolution of the Chapter 11 Cases, Imperial

Capital agreed to voluntarily reduce its Court-approved Transaction Fee (described in

Section 2(ii) of the Engagement Letter) by $50,000, or 10%, from $500,000 to $450,000, as

reflected in Schedule A to the Settlement Term Sheet attached to the Final DIP Financing Order

as Exhibit 2.  Imperial Capital's voluntary discount further reduced an already heavily

negotiated fee, which had been pre-approved by the Court under section 328(a) of the

Bankruptcy Code.

**C.**    <u>**COMPENSATION**</u>

12.    Pursuant to the Engagement Letter, the Imperial Retention Order and the Final

DIP Financing Order, in consideration for the services provided during these Chapter 11 Cases,

the Debtors have agreed to pay Imperial Capital, pursuant to section 328 of the Bankruptcy

Code, and subject to the final approval of the Bankruptcy Court, the sum of (a) $450,000

(subject to and reduced by the "Retainer" of $50,000 described in Section 2(i) of the Engagement

Letter, for a net amount of $400,000).

13.    Additionally, pursuant to the Engagement Letter and the Imperial Retention

Order, subject to Bankruptcy Court approval, the Debtors are obligated to reimburse Imperial

Capital on a periodic basis for its travel and other reasonable out-of-pocket expenses incurred in

connection with, or arising out of Imperial Capital's activities under or contemplated by the engagement.

14.     Imperial Capital now files this Application asking that the Court allow compensation for professional services rendered to the Debtors during the Application Period on a final basis in the aggregate amount of $450,000 and allowance of actual expenses incurred in connection with rendering such services in the aggregate amount of $130.00.  The requested expenses are customarily charged to Applicant's non-bankruptcy clients, and Imperial Capital believes that the requested expenses are reasonable and economical.

**D.     RELIEF REQUESTED**

15.     By this Application, Imperial Capital seeks entry of an order (i) granting final allowance and award of compensation for the professional services rendered by it as investment banker and financial advisor for the Debtors during the Application Period, consisting of fees in the amount of $450,000.00, plus reimbursement of actual and necessary expenses incurred by Imperial Capital during the Application Period in the amount of $130.00, for a total of $450,130.00; and (ii) authorizing the Debtors to make payment in respect of 100% of such fees and expenses.

16.     Pursuant to Bankruptcy Rule 2016(b), there is no agreement or understanding between Imperial Capital and any other person for the sharing of compensation to be received for services rendered in these Chapter 11 Cases.

17.     Imperial Capital does not maintain, in the normal course of providing financial advisory and investment banking services to its clients, detailed written time records, and does not bill its clients based on the number of hours expended by its professionals.  However, Imperial Capital has maintained written records in half-hour increments of the time expended by its professionals in the rendition of professional services to the Debtors in the Application Period in

6

accordance with the terms of the Imperial Retention Order.  Such time records were made

contemporaneously with the rendition of services by the person rendering such services. Subject

to redaction for confidential information where necessary to protect the Debtors' estates, detailed

copies of these written records annexed hereto as Exhibit D.

18.    Pursuant to the UST Guidelines, annexed hereto as Exhibit B is a schedule setting

forth all Imperial Capital professionals who have performed services in these Chapter 11 Cases

during the Application Period, the capacities in which Imperial Capital employs each individual

and the aggregate number of hours expended in this matter.

19.    Pursuant to the UST Guidelines, annexed hereto as Exhibit C is a summary by

project categories of the services performed by Imperial Capital during the Application Period.

20.    Annexed hereto as Exhibit E is a schedule specifying the categories of expenses

for which Imperial Capital is seeking reimbursement and the total amount for each such expense

category.

21.    Annexed hereto as Exhibit F is a schedule specifying on a detailed basis the

expenses for which Imperial Capital is seeking reimbursement.

22.    Imperial Capital has not received any payments after the Petition Date from the

Debtors.

23.    The Debtors have been given an opportunity to review this Application and have

approved the requested compensation and expense reimbursement sought.  This is Imperial

Capital's first application for the allowance of compensation and expenses incurred in connection

with the Debtors' Chapter 11 Cases.  No other application for the allowance of the compensation

and reimbursement of the expenses requested in this Application has been filed.

24.    Upon information and belief, all quarterly fees have been paid to the United States Trustee, and the Debtors are in compliance with their reporting requirements in the Chapter 11 Cases.

## E.    DESCRIPTION OF SERVICES

25.    The Debtors' Chapter 11 Cases were complex.  Imperial Capital dedicated significant resources to help the Debtors sell their business during the Chapter 11 Cases.  Imperial Capital's work did not begin on the Petition Date.  Rather, between the execution of the Engagement Letter on August 4, 2015 and the Petition Date, Imperial Capital worked extensively to market the Debtors and expended significant of hours running a prepetition sale process for the Debtors.

26.    Further, during the Application Period, Imperial Capital has actively assisted the Debtors on a number of matters including: (i) developing marketing and offering materials; (ii) identifying, corresponding with and coordinating diligence for third-party strategic and financial investors and creditors; (iii) procuring and reviewing key documents requested by potential investors for diligence purposes; (iv) analysis and review of the business and operations; (v) developing an appropriate list of potential bidders; (vii) contacting and educating the list of potential bidders on the Debtors and process; and (viii) interacting with other retained professionals in the process.

27.    The following summary of services rendered during the Application Period is not intended to be a detailed description of the work performed.  A summary description of the postpetition work performed during the Application Period, categorized by project code, and those day-to-day services and the time expended in performing such services is set forth in Exhibit B.  The following summary highlights certain key areas in which Applicant provided

services to the Debtors during the Application Period.  In general, Imperial Capital has

represented the Debtors in connection with the following aspects of the Chapter 11 Cases:

Category 1: Sale Process

28.    Category 1 includes activities relating to the sale of the Debtors' assets, including

performing due diligence, preparation of solicitation materials, identifying, contacting and

negotiating with potential buyers, assisting prospective buyers in conducting due diligence,

providing updates to the Debtors on the process and general case administration.  Imperial Capital

worked with the Debtors to identify and contact 153 parties prepetition and an additional 17

parties postpetition.  During the process, there were 52 non-disclosure agreements executed and

39 confidential information memorandums sent.  Imperial Capital professionals conducted

numerous diligence calls, fulfilled requests and provided all available information requested by

potential bidders.  Imperial Capital has spent substantial amounts of time and resources to canvas

potential strategic and financial buyers to effectively market the Debtors' assets.  During the

Application Period, the following Imperial Capital professionals worked a total of 303.0 hours

on services under this Category: Robert Warshauer, Justin Byrne, Philip Gross, and John

Radigan.

Category 2: Creditors' Committee

29.    Category 2 is for the dedicated time which Imperial Capital spent facilitating due

diligence, responding to questions and discussing key case issues with the Debtors' creditor

constituencies, including the advisors to the Creditors' Committee.  Imperial Capital's

involvement with the Debtors' creditor constituencies has included but was not limited to

participating in frequent calls with various creditor constituencies with respect to diligence

inquiries, sale updates, case administration and discussions pertaining to various procedural and

strategic matters.  Imperial Capital was routinely, actively engaged with the Creditors'

Committee's advisors in order to facilitate a consensual sale process, including facilitating contact with potential bidders (as requested by the Creditors' Committee), discussions on the details of the sale process and providing requested diligence in an expedient manner.  During the Application Period, the following Imperial Capital professionals worked a total of 29.5 hours on services under this Category: Robert Warshauer and Justin Byrne.

Category 3: General Operations

30.    Category 3 includes all time spent attending, preparing for and drafting follow-up materials subsequent to the various court hearings and formal meetings associated with the chapter 11 process.  During the Application Period, the following Imperial Capital professionals worked a total of 28.5 hours on services under this Category: Robert Warshauer and Justin Byrne.

Category 4: Non-working Travel

31.    Category 4 includes all required travel for attendance at court hearings or meetings with the Debtors, the Debtors' advisors, the Creditors' Committee's advisors, and the advisors to the Debtors' lender, including visits to the Debtors' offices During the Application Period, the following Imperial Capital professionals worked a total of 14.0 hours on services under this Category: Robert Warshauer and Justin Byrne.

Category 5: Fee Applications

32.    Category 5 includes all case administration related to the employment of Imperial Capital, including preparation of our application for employment and time and expense records. This category also includes activities such as internal discussions and discussions with Debtors' counsel related to the preparation of court filings.  During the Application Period, the following Imperial Capital professionals worked a total of 14.5 hours on services under this Category: Justin Byrne, Philip Gross, and John Radigan.

**F.    CALCULATION OF IMPERIAL CAPITAL'S FEES AND EXPENSES FOR PROFESSIONAL SERVICES RENDERED TO THE DEBTORS DURING THE APPLICATION PERIOD**

33.    Pursuant to the Engagement Letter, the Imperial Retention Order, and the Final DIP Financing Order, in consideration for the services provided during these Chapter 11 Cases, Imperial Capital is entitled to $450,000.00 (the "**Final Fee**"), which was pre-approved by the Court pursuant to section 328(a) of the Bankruptcy Code.  In fact, as discussed above, the Final Fee is $50,000 less than the compensation pre-approved by the Court in the Imperial Retention Order.  As such, the Final Fee payable to Imperial Capital is subject to review only pursuant to the standards set forth in section 328(a) of the Bankruptcy Code.

34.    The Final Fee owed to Imperial Capital is to be credited against the $50,000 retainer paid to Imperial Capital prior to the Petition Date, for a net amount owed to Imperial Capital of $400,000.00.  Imperial Capital is also owed $130.00 for actual, reasonable and necessary expenses.  These expenses are to be credited against the $10,000 deposit paid to Imperial Capital prior to the Petition Date, with the balance of the deposit to be applied against the Final Fee.  The net amount of the payment from the Debtors hereby requested by Imperial Capital for the Final Fee and owed expenses, after application of the retainers held by Imperial Capital, is $390,130.00.

**G.    NOTICE**

35.    Pursuant to the Interim Compensation Order, a copy of this Application has been served by overnight mail upon (a) the Debtors (1407 Broadway, Suite 500, New York City, New York 10018, Attn: Jeffrey L. Gregg); (b) the Office of the United States Trustee for the Southern District of New York (United States Trustee's Office Region 2, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014); (c) proposed counsel to the Official Committee of Unsecured Creditors (Arent Fox LLP, 1675 Broadway, New York, New York

10019-5820 (Attn: Robert M. Hirsh, George P. Angelich, and Jordana Renert); (d) the

administrative agent under the Debtors' first lien credit facility (Wells Fargo Bank National

Association, 100 Park Avenue, 14th Floor, New York, New York 10017, Attn: Portfolio Manager

- Advance Watch, with a copy to Otterbourg, Steindler, Houston & Rosen, P.C., 230 Park

Avenue, New York, New York 10169, Attn: Mitchell M. Brand, Esq.); (e) Binda Italia Srl (Via

Montefeltro, 4, 20156 Milano, Attention: Simone Binda, CEO, sbinda@bindagroup.com); and (f)

all parties who have requested notice in these chapter 11 cases pursuant to Rule 2002 of the

Federal Rules of Bankruptcy Procedure.

**H.    <u>CONCLUSION</u>**

36.    Based on the foregoing, Applicant requests an order, substantially in the form of

order attached hereto as <u>Exhibit G</u>, (i) approving final compensation in the amount of

$450,000.00 (to be credited against the $50,000 retainer paid to Imperial Capital in the prepetition

period) and reimbursement of expenses in the amount of $130.00 (to be credited against the

$10,000 deposit paid to Imperial Capital in the prepetition period), (ii) directing that the Debtors

pay all compensation and reimburse all expenses sought in this Application in excess of the

retainer and expense deposit, in the net amount of $390,130.00, and (iii) granting such other and

further relief as may be just and proper.

Dated:  New York, New York
        December 3, 2015

Respectfully submitted,

Imperial Capital LLC

By:  _/s/ Robert Warshauer_
Robert Warshauer
277 Park Avenue, 48th Floor
New York, New York 10172
Telephone: (212) 351-9443
Facsimile: (212) 490-5884

*Investment Banker to the Debtors and Debtors-in-Possession*

## EXHIBIT A

Imperial Capital, LLC
277 Park Avenue, 48th Floor
New York, NY 10172
Telephone:    (212) 351-9700
Facsimile:    (212) 490-5884

*Investment Banker to the Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
                                   :

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| ADVANCE WATCH COMPANY LTD., et al., | : | Case No. 15-12690 (MG) |
| | : | |
| Debtors.[1] | : | Jointly Administered |
| | : | |

------------------------------------------------------------ x

**CERTIFICATION UNDER AMENDED GUIDELINES FOR FEES AND
DISBURSEMENTS FOR PROFESSIONALS IN SOUTHERN DISTRICT OF NEW
YORK IN SUPPORT OF THE FIRST AND FINAL APPLICATION OF IMPERIAL
CAPITAL LLC AS INVESTMENT BANKER FOR THE DEBTORS FOR
COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR
THE PERIOD SEPTEMBER 30, 2015 THROUGH NOVEMBER 24, 2015**

I, Robert Warshauer, hereby certify that:

1.      I am a Managing Director with the applicant firm, Imperial Capital LLC (the

"**Firm**"), which serves as Investment Banker to Advanced Watch Company, *et al.*, as debtors and

debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the

"**Chapter 11 Cases**").

2.      As the professional designated by the Firm with such responsibility, this

certification is made in respect of the Firm's compliance with the Amended Guidelines for Fees

and Disbursements for Professionals in Southern District of New York Bankruptcy Cases,

---

[1]    The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Advance Watch Company, Ltd. (8061); Binda USA Holdings, Inc. (8916); Sunburst Products, Inc. (5972), and GWG International, Ltd. (2468).

Administrative Order M-447, effective as of January 29, 2013 (the "**Local Guidelines**"), the United

States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of

Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "**UST Guidelines**"), and

the *Order Pursuant to 11 U.S.C. §§ 105(a), 330, and 331, Fed. R. Bankr. P. 2016, and Local Rule*

*2016-1 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of*

*Professionals* [Doc. 75] (the "**Interim Compensation Order**"), and collectively with the Local

Guidelines and UST Guidelines, the "**Guidelines**"), in connection with the Firm's application,

dated November 24, 2015, for interim and final compensation and reimbursement of expenses for

the entire period commencing September 30, 2015 through and including November 24, 2015, (the

"**Application**"), in accordance with the Guidelines.

3.      In respect of Section B(1) of the Local Guidelines, I certify that:

   a.      I have read the Application;

   b.      to the best of my knowledge, information, and belief formed after reasonable

   inquiry, the fees and expenses sought fall within the Guidelines;

   c.      the fees and disbursements sought in the Application are billed at rates and

   in accordance with practices customarily employed by the Firm and

   generally accepted by the Firm's clients; and

   d.      in providing the reimbursable services reflected in the Application, the Firm

   did not make a profit on those services, whether performed by the Firm in-

   house or through a third party

4.      In respect of Section B(2) of the Local Guidelines and as required by the Interim

Compensation Order, I certify that the Firm has complied with the provisions requiring it to provide

the United States Trustee for the Southern District of New York, the Debtors, and the creditors'

committee appointed in the Chapter 11 Cases (the "**Committee**"), and their respective attorneys, with a statement of the Firm's fees and expenses.

5.      In respect of Section B(3) of the Local Guidelines, I certify that the Firm has complied with the provisions requiring it to provide the United States Trustee for the Southern District of New York, the Debtors, and the creditors' committee appointed in the Chapter 11 Cases (the "**Committee**"), a copy of the Application prior to the date set for filing final fee applications.

Dated: New York, New York
December 3, 2015

Respectfully submitted,

Imperial Capital LLC

By:   */s/ Robert Warshauer*
Robert Warshauer
277 Park Avenue, 48th Floor
New York, New York 10172
Telephone: (212) 351-9443
Facsimile: (212) 490-5884

# EXHIBIT B

**SUMMARY OF PROFESSIONAL SERVICES RENDERED BY PROFESSIONAL
BY IMPERIAL CAPITAL LLC ON BEHALF OF THE DEBTORS FOR THE
PERIOD SEPTEMBER 30, 2015 THROUGH NOVEMBER 24, 2015**

| Name of Professional Individual | 10/1 - 11/12 |
|---|---|
| **Managing Director** | |
| Robert Warshauer | 62.0 |
| **Vice President** | |
| Justin Byrne | 167.0 |
| **Analysts** | |
| Philip Gross | 83.5 |
| John Radigan | 77.0 |
| **Total** | **389.5** |

# EXHIBIT C

**SUMMARY OF PROFESSIONAL SERVICES RENDERED BY PROJECT CATEGORY
BY IMPERIAL CAPITAL LLC ON BEHALF OF THE DEBTORS FOR THE
PERIOD SEPTEMBER 30, 2015 THROUGH NOVEMBER 24, 2015**

| Task Code | Matter Description | 10/1 - 11/12 |
|---|---|---|
| 1 | Sale Process | 303.0 |
| 2 | Creditors' Committee | 29.5 |
| 3 | General Operations | 28.5 |
| 4 | Non-working Travel | 14.0 |
| 5 | Fee Applications | 14.5 |
| **Total** | | **389.5** |

# EXHIBIT D

**DETAIL OF PROFESSIONAL SERVICES RENDERED BY IMPERIAL CAPITAL LLC
ON BEHALF OF THE DEBTORS FOR THE PERIOD
SEPTEMBER 30, 2015 THROUGH NOVEMBER 24, 2015**

**Sale Process - Hours Detail**

| Category | Date | Professional | Description | Hours |
|---|---|---|---|---|
| Sale Process | Thu 10/1/15 | J. Byrne | Drafting and preparation of message to all potential buyers | 2.5 |
| Sale Process | Thu 10/1/15 | J. Byrne | Communication with all potential bidders on bankruptcy process | 3.5 |
| Sale Process | Thu 10/1/15 | J. Radigan | Manage marketing process tracker | 3.5 |
| Sale Process | Thu 10/1/15 | J. Radigan | Process NDAs with potential bidders | 1.0 |
| Sale Process | Thu 10/1/15 | P. Gross | Process NDAs with potential bidders | 1.5 |
| Sale Process | Thu 10/1/15 | P. Gross | Email with Company counsel regarding NDAs | 1.0 |
| Sale Process | Thu 10/1/15 | P. Gross | Communication with all potential bidders on bankruptcy process | 3.5 |
| Sale Process | Thu 10/1/15 | R. Warshauer | Update on filing and court calendar, process | 1.0 |
| Sale Process | Fri 10/2/15 | J. Byrne | Preparation of and review of EBITDA breakout for potential buyers | 2.0 |
| Sale Process | Fri 10/2/15 | J. Byrne | Communication with potential bidders | 2.0 |
| Sale Process | Fri 10/2/15 | J. Radigan | Communication with potential bidders | 2.0 |
| Sale Process | Fri 10/2/15 | J. Radigan | Process NDAs with potential bidders | 1.0 |
| Sale Process | Fri 10/2/15 | P. Gross | Review marketing process tracker | 2.0 |
| Sale Process | Fri 10/2/15 | P. Gross | Process NDAs with potential bidders | 2.0 |
| Sale Process | Fri 10/2/15 | P. Gross | Email with Company counsel regarding NDAs | 1.0 |
| Sale Process | Fri 10/2/15 | P. Gross | Communication with potential bidders | 2.0 |
| Sale Process | Fri 10/2/15 | R. Warshauer | Update on bidders, emails to potential parties and log reveiw | 1.0 |
| Sale Process | Mon 10/5/15 | J. Byrne | Communication with potential buyers | 2.5 |
| Sale Process | Mon 10/5/15 | J. Byrne | Providing information an follow-up for dataroom | 1.5 |
| Sale Process | Mon 10/5/15 | J. Byrne | Docket review | 1.0 |
| Sale Process | Mon 10/5/15 | J. Radigan | Manage marketing process tracker | 2.5 |
| Sale Process | Mon 10/5/15 | P. Gross | Process NDAs with potential bidders | 1.5 |
| Sale Process | Mon 10/5/15 | P. Gross | Email with Company counsel regarding NDAs | 1.0 |
| Sale Process | Mon 10/5/15 | P. Gross | Review marketing process tracker | 2.0 |
| Sale Process | Mon 10/5/15 | P. Gross | Communication with potential bidders | 2.5 |
| Sale Process | Tue 10/6/15 | J. Byrne | Communication with potential buyers | 3.5 |
| Sale Process | Tue 10/6/15 | J. Byrne | Review bidders log with R. Warshauer and update on active parties | 1.0 |
| Sale Process | Tue 10/6/15 | J. Byrne | Review and update of bidders log | 2.5 |
| Sale Process | Tue 10/6/15 | J. Radigan | Manage marketing process tracker | 2.0 |
| Sale Process | Tue 10/6/15 | P. Gross | Process NDAs with potential bidders | 1.0 |
| Sale Process | Tue 10/6/15 | P. Gross | Communication with potential bidders | 3.5 |
| Sale Process | Tue 10/6/15 | P. Gross | Email with Company counsel regarding NDAs | 0.5 |
| Sale Process | Tue 10/6/15 | R. Warshauer | Update on log with J. Byrne, info for formation meeting | 1.0 |
| Sale Process | Wed 10/7/15 | J. Byrne | Coordination with buyers and Debtors on diligence requests | 1.0 |
| Sale Process | Wed 10/7/15 | J. Byrne | Research and addition of bidders to the potential buyers list | 2.0 |
| Sale Process | Wed 10/7/15 | J. Byrne | Communication and NDA review with potential bidders | 2.0 |
| Sale Process | Wed 10/7/15 | J. Byrne | Internal discussions on process and bidders log update | 1.5 |
| Sale Process | Wed 10/7/15 | J. Radigan | Research potential bidders | 1.5 |
| Sale Process | Wed 10/7/15 | J. Radigan | Manage marketing process tracker | 2.0 |
| Sale Process | Wed 10/7/15 | P. Gross | Review marketing process tracker | 1.0 |
| Sale Process | Wed 10/7/15 | P. Gross | Process NDAs with potential bidders | 1.0 |
| Sale Process | Wed 10/7/15 | P. Gross | Email with Company counsel regarding NDAs | 0.5 |
| Sale Process | Wed 10/7/15 | P. Gross | Communication with potential bidders | 2.0 |
| Sale Process | Wed 10/7/15 | R. Warshauer | Call with counsel re case issues, log update review and followup | 2.0 |
| Sale Process | Thu 10/8/15 | J. Byrne | Internal discussions with various IC professionals to further expand buyer universe | 1.5 |
| Sale Process | Thu 10/8/15 | J. Byrne | Communication with potential bidders | 2.5 |
| Sale Process | Thu 10/8/15 | J. Radigan | Manage marketing process tracker | 3.0 |
| Sale Process | Thu 10/8/15 | P. Gross | Internal discussions with various IC professionals to further expand buyer universe | 1.5 |
| Sale Process | Thu 10/8/15 | R. Warshauer | Attend formation meeting and related discussions | 2.5 |
| Sale Process | Fri 10/9/15 | J. Byrne | Communication with potential bidders | 2.5 |
| Sale Process | Fri 10/9/15 | J. Byrne | Review of bidders log, internal update and send to Debtors group | 2.0 |
| Sale Process | Fri 10/9/15 | J. Byrne | Docket review | 1.0 |
| Sale Process | Fri 10/9/15 | J. Radigan | General discussion with Company | 1.0 |
| Sale Process | Fri 10/9/15 | J. Radigan | Communication with potential bidders | 2.5 |
| Sale Process | Fri 10/9/15 | J. Radigan | Manage marketing process tracker | 2.5 |
| Sale Process | Fri 10/9/15 | P. Gross | Communication with potential bidders | 2.5 |
| Sale Process | Fri 10/9/15 | P. Gross | Process NDAs with potential bidders | 1.5 |
| Sale Process | Fri 10/9/15 | P. Gross | Email with Company counsel regarding NDAs | 1.0 |
| Sale Process | Fri 10/9/15 | P. Gross | Review marketing process tracker | 1.5 |
| Sale Process | Fri 10/9/15 | R. Warshauer | Reveiw bidder updates, log info for UCC, sale process hearing info | 2.5 |
| Sale Process | Sat 10/10/15 | P. Gross | Process NDAs with potential bidders | 0.5 |
| Sale Process | Sat 10/10/15 | P. Gross | Email with Company counsel regarding NDAs | 1.0 |
| Sale Process | Sun 10/11/15 | J. Byrne | Internal review and update provided for UCC | 1.5 |
| Sale Process | Sun 10/11/15 | R. Warshauer | Review bidder list, push proposals and interest | 2.0 |
| Sale Process | Mon 10/12/15 | J. Byrne | Communication with potential bidders | 2.5 |
| Sale Process | Mon 10/12/15 | J. Byrne | NDA review | 1.5 |
| Sale Process | Mon 10/12/15 | J. Radigan | Communication with potential bidders | 1.0 |
| Sale Process | Mon 10/12/15 | J. Radigan | Manage marketing process tracker | 2.5 |

2

Sale Process - Hours Detail

| Category | Date | Professional | Description | Hours |
|---|---|---|---|---|
| Sale Process | Mon 10/12/15 | P. Gross | Communication with potential bidders | 1.0 |
| Sale Process | Mon 10/12/15 | P. Gross | Process NDAs with potential bidders | 1.5 |
| Sale Process | Mon 10/12/15 | P. Gross | Email with Company counsel regarding NDAs | 1.5 |
| Sale Process | Mon 10/12/15 | P. Gross | Review marketing process tracker | 1.5 |
| Sale Process | Mon 10/12/15 | R. Warshauer | Calls potential bidders, data room info requests, call with UCC advisor | 2.0 |
| Sale Process | Tue 10/13/15 | J. Byrne | Communication with potential bidders | 4.0 |
| Sale Process | Tue 10/13/15 | J. Byrne | Docket review | 1.0 |
| Sale Process | Tue 10/13/15 | J. Radigan | Communication with potential bidders | 4.0 |
| Sale Process | Tue 10/13/15 | J. Radigan | Process NDAs with potential bidders | 0.5 |
| Sale Process | Tue 10/13/15 | J. Radigan | Manage marketing process tracker | 2.0 |
| Sale Process | Tue 10/13/15 | P. Gross | Communication with potential bidders | 4.0 |
| Sale Process | Tue 10/13/15 | P. Gross | Process NDAs with potential bidders | 1.0 |
| Sale Process | Tue 10/13/15 | P. Gross | Email with Company counsel regarding NDAs | 1.0 |
| Sale Process | Tue 10/13/15 | R. Warshauer | Review bidders list, updates and data room info, calls with Counsel and UCC reps are hearings and issues | 3.0 |
| Sale Process | Wed 10/14/15 | J. Byrne | Communication with potential bidders | 3.5 |
| Sale Process | Wed 10/14/15 | J. Byrne | Review of bidders log and updates | 1.5 |
| Sale Process | Wed 10/14/15 | J. Radigan | Communication with potential bidders | 1.5 |
| Sale Process | Wed 10/14/15 | J. Radigan | Manage marketing process tracker | 2.0 |
| Sale Process | Wed 10/14/15 | P. Gross | Communication with potential bidders | 3.5 |
| Sale Process | Wed 10/14/15 | P. Gross | Review marketing process tracker | 1.5 |
| Sale Process | Thu 10/15/15 | J. Byrne | Docket review | 1.0 |
| Sale Process | Thu 10/15/15 | J. Byrne | Communications with buyers | 3.5 |
| Sale Process | Thu 10/15/15 | J. Byrne | Providing status updates to buyers and follow-up with buyers | 2.5 |
| Sale Process | Thu 10/15/15 | J. Radigan | Manage marketing process tracker | 2.0 |
| Sale Process | Thu 10/15/15 | J. Radigan | Process NDAs with potential bidders | 1.0 |
| Sale Process | Thu 10/15/15 | P. Gross | Communication with potential bidders | 3.0 |
| Sale Process | Thu 10/15/15 | P. Gross | Communication with potential bidders | 3.5 |
| Sale Process | Thu 10/15/15 | R. Warshauer | Review bidder list, push proposals and interest | 2.0 |
| Sale Process | Fri 10/16/15 | J. Byrne | Review of bidders log | 1.5 |
| Sale Process | Fri 10/16/15 | J. Byrne | NDA negotiation with potential bidders | 1.5 |
| Sale Process | Fri 10/16/15 | J. Byrne | Communication with potential bidders | 2.0 |
| Sale Process | Fri 10/16/15 | J. Byrne | Review of bidder log and related updates | 1.5 |
| Sale Process | Fri 10/16/15 | J. Radigan | Manage marketing process tracker | 2.0 |
| Sale Process | Fri 10/16/15 | P. Gross | Process NDAs with potential bidders | 1.5 |
| Sale Process | Fri 10/16/15 | P. Gross | Email with Company counsel regarding NDAs | 1.0 |
| Sale Process | Fri 10/16/15 | P. Gross | Communication with potential bidders | 2.0 |
| Sale Process | Fri 10/16/15 | R. Warshauer | Bid procedures hearing issues. Bidders list update emails, UCC prep for hearing | 3.5 |
| Sale Process | Sat 10/17/15 | J. Radigan | Research on other 363 cases to prepare for hearing | 2.0 |
| Sale Process | Sun 10/18/15 | J. Radigan | Research on other 363 cases to prepare for hearing | 4.0 |
| Sale Process | Mon 10/19/15 | J. Byrne | Discussions with the Debtors and analysis of assumed liabilities in addition to purchase price in APA | 2.0 |
| Sale Process | Mon 10/19/15 | J. Byrne | NDA negotiations with potential bidders | 1.0 |
| Sale Process | Mon 10/19/15 | J. Byrne | Docket review | 1.0 |
| Sale Process | Mon 10/19/15 | J. Byrne | Communication with potential bidders | 3.0 |
| Sale Process | Mon 10/19/15 | J. Radigan | Manage marketing process tracker | 1.5 |
| Sale Process | Mon 10/19/15 | P. Gross | Process NDAs with potential bidders | 1.0 |
| Sale Process | Mon 10/19/15 | P. Gross | Email with Company counsel regarding NDAs | 0.5 |
| Sale Process | Mon 10/19/15 | P. Gross | Research on other 363 cases to prepare for hearing | 3.0 |
| Sale Process | Mon 10/19/15 | P. Gross | Communication with potential bidders | 3.0 |
| Sale Process | Mon 10/19/15 | R. Warshauer | Prep for meeting re bidding and potential buyers, UCC issues | 1.5 |
| Sale Process | Tue 10/20/15 | J. Byrne | NDA negotiations with potential bidders | 1.5 |
| Sale Process | Tue 10/20/15 | J. Byrne | Communication with potential bidders | 2.5 |
| Sale Process | Tue 10/20/15 | J. Radigan | Communication with potential bidders | 2.0 |
| Sale Process | Tue 10/20/15 | J. Radigan | Manage marketing process tracker | 2.5 |
| Sale Process | Tue 10/20/15 | P. Gross | Communication with potential bidders | 2.5 |
| Sale Process | Tue 10/20/15 | R. Warshauer | Prep for and meeting with company/counsel re UCC, Call with potential bidder, meeting with UCC counsel | 4.5 |
| Sale Process | Wed 10/21/15 | J. Byrne | NDA negotiations with potential bidder | 0.5 |
| Sale Process | Wed 10/21/15 | J. Byrne | Communication with potential bidders | 2.5 |
| Sale Process | Wed 10/21/15 | J. Byrne | Docket review | 1.0 |
| Sale Process | Wed 10/21/15 | J. Radigan | Communication with potential bidders | 2.5 |
| Sale Process | Wed 10/21/15 | J. Radigan | Manage marketing process tracker | 2.0 |
| Sale Process | Wed 10/21/15 | J. Radigan | Process NDAs with potential bidders | 1.0 |
| Sale Process | Wed 10/21/15 | P. Gross | Communication with potential bidders | 2.5 |
| Sale Process | Thu 10/22/15 | J. Byrne | Follow-up discussions / communication with outstanding potential bidders | 1.5 |
| Sale Process | Thu 10/22/15 | J. Radigan | Manage marketing process tracker | 2.0 |
| Sale Process | Thu 10/22/15 | P. Gross | Process NDAs with potential bidders | 1.5 |
| Sale Process | Thu 10/22/15 | P. Gross | Email with Company counsel regarding NDAs | 1.0 |

3

**Sale Process - Hours Detail**

| Category | Date | Professional | Description | Hours |
|---|---|---|---|---|
| Sale Process | Thu 10/22/15 | R. Warshauer | Review bidder list, push proposals and interest | 2.0 |
| Sale Process | Fri 10/23/15 | J. Byrne | Review of bidders log and related updates | 2.0 |
| Sale Process | Fri 10/23/15 | J. Byrne | Review of non-qualified bid received for individual business unit | 1.0 |
| Sale Process | Fri 10/23/15 | J. Byrne | Communication with remaining bidders | 1.5 |
| Sale Process | Fri 10/23/15 | J. Radigan | Manage marketing process tracker | 2.0 |
| Sale Process | Fri 10/23/15 | P. Gross | Process NDAs with potential bidders | 1.0 |
| Sale Process | Sat 10/24/15 | J. Byrne | Discussion and response to diligence questions from potential bidder | 1.0 |
| Sale Process | Mon 10/26/15 | J. Byrne | Communication with potential bidders | 2.5 |
| Sale Process | Mon 10/26/15 | J. Byrne | Internal and group calls with UCC, Debtors and Wells Fargo on bid deadline | 1.0 |
| Sale Process | Mon 10/26/15 | J. Byrne | Docket review | 1.0 |
| Sale Process | Mon 10/26/15 | J. Radigan | Manage marketing process tracker | 2.0 |
| Sale Process | Mon 10/26/15 | P. Gross | Process NDAs with potential bidders | 1.0 |
| Sale Process | Mon 10/26/15 | R. Warshauer | Calls with bidders and team, summary interest sched for company /counsel | 1.5 |
| Sale Process | Tue 10/27/15 | J. Byrne | Communication with potential bidders | 1.0 |
| Sale Process | Tue 10/27/15 | J. Byrne | Communication with UCC and internal to respond to UCC requests | 1.5 |
| Sale Process | Tue 10/27/15 | R. Warshauer | Review bidders interest | 0.5 |
| Sale Process | Wed 10/28/15 | J. Byrne | Communication with remaining potential bidders | 1.5 |
| Sale Process | Thu 10/29/15 | J. Byrne | Docket review | 1.0 |
| Sale Process | Thu 10/29/15 | R. Warshauer | Review bidder list, push proposals and interest. Prepare for hearing | 2.0 |
| Sale Process | Fri 10/30/15 | J. Byrne | Communication with potential bidders | 1.5 |
| Sale Process | Fri 10/30/15 | J. Radigan | Manage marketing process tracker | 2.0 |
| **TOTAL OCTOBER** | | | | **286.5** |
| Sale Process | Tue 11/3/15 | J. Byrne | Docket review | 1.0 |
| Sale Process | Wed 11/4/15 | R. Warshauer | Bid deadline, sale hearing issues with UCC and WF | 1.5 |
| Sale Process | Fri 11/6/15 | J. Byrne | Prepare for and attend hearing | 1.5 |
| Sale Process | Mon 11/9/15 | J. Byrne | Closing issues for sale, update on UCC issues from counsel | 1.5 |
| Sale Process | Mon 11/9/15 | J. Byrne | Docket review | 1.0 |
| Sale Process | Mon 11/9/15 | R. Warshauer | Closing issues for sale, update on UCC issues from counsel | 1.5 |
| Sale Process | Wed 11/11/15 | R. Warshauer | Prepare for sale and dip hearing, reveiw UCC issues and objections file | 1.5 |
| Sale Process | Thu 11/12/15 | R. Warshauer | Prepare for and attend DIP and Sale hearing, tc with counsel re hearing | 4.5 |
| Sale Process | Wed 11/18/15 | J. Byrne | Communication potential bidders (remaining inventory purchasers) and send information along to the Company | 1.0 |
| Sale Process | Weds 11/4/15 | J. Byrne | Bid deadline, sale hearing issues with UCC and WF | 1.5 |
| **TOTAL NOVEMBER** | | | | **16.5** |
| **TOTAL SALE PROCESS** | | | | **303.0** |

10225926

**Creditors' Committee - Hours Detail**

| Category | Date | Professional | Description | Hours |
|---|---|---|---|---|
| Creditors' Committee | Thu 10/8/15 | R. Warshauer | Calls re UCC, counsel, bidders updates and hearing schedule | 1.5 |
| Creditors' Committee | Mon 10/12/15 | J. Byrne | Review of UCC advisors' request list, coordination with company and providing information | 3.5 |
| Creditors' Committee | Tue 10/13/15 | J. Byrne | Call with UCC to discuss sale process to date | 0.5 |
| Creditors' Committee | Tue 10/13/15 | J. Byrne | Draft email and discuss update to debtors group on call with UCC | 1.0 |
| Creditors' Committee | Wed 10/14/15 | J. Byrne | Calls with counsel re UCC requests | 2.0 |
| Creditors' Committee | Wed 10/14/15 | R. Warshauer | Calls with counsel re UCC requests | 2.0 |
| Creditors' Committee | Tue 10/20/15 | J. Byrne | Pre-meeting, meeting and related discussions at Debtors' offices | 3.0 |
| Creditors' Committee | Thu 10/29/15 | J. Byrne | Drafting correspondence and discussions on UCC requests | 1.5 |
| Creditors' Committee | Fri 10/30/15 | J. Byrne | Response to UCC questions | 1.0 |
| **TOTAL OCTOBER** | | | | **16.0** |
| Creditors' Committee | Mon 11/2/15 | J. Byrne | Coordinate internally and with Debtors / counsel on preparation for meeting | 1.0 |
| Creditors' Committee | Mon 11/2/15 | R. Warshauer | Issues for meeting wiht UCC and WF re sale conditions and DIP | 1.5 |
| Creditors' Committee | Tue 11/3/15 | J. Byrne | Prepare for and attend meetings with UCC, Wells Fargo, Debtors and advisors at Debtor offices | 4.5 |
| Creditors' Committee | Tue 11/3/15 | R. Warshauer | Update on meeting with UCC and company | 1.0 |
| Creditors' Committee | Thu 11/5/15 | J. Byrne | Internal discussions and preparation for discovery request | 2.0 |
| Creditors' Committee | Thu 11/5/15 | J. Byrne | Review subpoena and objections filed.  Prepare for hearing | 1.5 |
| Creditors' Committee | Fri 11/6/15 | J. Byrne | Internal discussions and preparation for discovery request | 1.0 |
| Creditors' Committee | Tue 11/24/15 | J. Byrne | 341 Creditors' meeting | 1.0 |
| **TOTAL NOVEMBER** | | | | **13.5** |
| **TOTAL CREDITORS' COMMITTEE** | | | | **29.5** |

5

**General Operations - Hours Detail**

| Category | Date | Professional | Description | Hours |
|---|---|---|---|---|
| General Operations | Fri 10/2/15 | J. Byrne | Review of first day filings (DIP Budget & APA detail) | 2.5 |
| General Operations | Mon 10/5/15 | J. Byrne | Attend first day hearings and related discussions | 2.0 |
| General Operations | Thu 10/8/15 | J. Byrne | Attend formation meeting and related discussions | 2.5 |
| General Operations | Thu 10/15/15 | J. Byrne | Review revisions to retention application | 1.0 |
| General Operations | Fri 10/16/15 | J. Byrne | Attend hearing and related discussions / preparation | 1.5 |
| General Operations | Fri 10/16/15 | J. Byrne | Revise engagement letter and retention application per Judge's comments | 1.0 |
| General Operations | Fri 10/16/15 | R. Warshauer | Attend hearing and related discussions / preparation | 1.5 |
| General Operations | Wed 10/21/15 | J. Byrne | Attend hearing and related discussions / preparation | 2.5 |
| General Operations | Wed 10/21/15 | R. Warshauer | DIP Sale and other issues for hearing, discuss with counsel on bidders | 2.5 |
| General Operations | Wed 10/21/15 | R. Warshauer | Attend hearing and related discussions | 2.0 |
| General Operations | Wed 10/28/15 | R. Warshauer | Prep for Initial Debtor Interview with US Trustee | 1.0 |
| General Operations | Fri 10/30/15 | J. Byrne | Prep for and participate on initial debtor interview with US Trustee | 1.5 |
| **TOTAL OCTOBER** | | | | **21.5** |
| General Operations | Tue 11/10/15 | R. Warshauer | Objections to DIP final hearing | 0.5 |
| General Operations | Wed 11/11/15 | J. Byrne | Prepare for hearing and review objections filed | 2.0 |
| General Operations | Thu 11/12/15 | J. Byrne | Prepare for and attend hearing | 4.5 |
| **TOTAL NOVEMBER** | | | | **7.0** |
| **TOTAL GENERAL OPERATIONS** | | | | **28.5** |

6

**Non-working Travel - Hours Detail**

| Category | Date | Professional | Description | Hours |
|---|---|---|---|---|
| Non-working Travel | Mon 10/5/15 | J. Byrne | Travel to / from first day meetings | 1.0 |
| Non-working Travel | Thu 10/8/15 | J. Byrne | Travel to / from formation meeting | 1.0 |
| Non-working Travel | Thu 10/8/15 | R. Warshauer | Travel to / from hearing | 1.0 |
| Non-working Travel | Fri 10/16/15 | J. Byrne | Travel to / from hearing | 1.0 |
| Non-working Travel | Fri 10/16/15 | R. Warshauer | Travel to / from hearing | 1.0 |
| Non-working Travel | Tue 10/20/15 | J. Byrne | Travel to / from Debtors' offices | 1.0 |
| Non-working Travel | Tue 10/20/15 | R. Warshauer | Travel to / from hearing | 1.0 |
| Non-working Travel | Wed 10/21/15 | J. Byrne | Travel to / from hearing | 1.0 |
| Non-working Travel | Wed 10/21/15 | R. Warshauer | Travel to / from hearing | 1.0 |
| **TOTAL OCTOBER** | | | | **9.0** |
| Non-working Travel | Tue 11/3/15 | J. Byrne | Travel to / from Debtors' offices | 1.0 |
| Non-working Travel | Fri 11/6/15 | J. Byrne | Travel to / from hearing | 1.0 |
| Non-working Travel | Thu 11/12/15 | J. Byrne | Travel to / from court | 1.0 |
| Non-working Travel | Thu 11/12/15 | R. Warshauer | Travel to / from hearing | 1.0 |
| Non-working Travel | Tue 11/24/15 | J. Byrne | Travel to / from meeting | 1.0 |
| **TOTAL NOVEMBER** | | | | **5.0** |
| **TOTAL Non-working Travel** | | | | **14.0** |

10225926

**Fee Applications - Hours Detail**

| Category | Date | Professional | Description | Hours |
|---|---|---|---|---|
| Fee Applications | Fri 10/2/15 | J. Byrne | Hours tracking / organization | 0.5 |
| Fee Applications | Fri 10/9/15 | J. Byrne | Hours tracking / organization | 0.5 |
| Fee Applications | Fri 10/16/15 | J. Byrne | Hours tracking / organization | 0.5 |
| Fee Applications | Fri 10/16/15 | P. Gross | Hours tracking and organization | 0.5 |
| Fee Applications | Fri 10/23/15 | J. Byrne | Hours tracking / organization | 0.5 |
| Fee Applications | Fri 10/23/15 | J. Radigan | Hours tracking and organization of the group's time tracking | 1.0 |
| Fee Applications | Fri 10/30/15 | J. Byrne | Hours tracking / organization | 0.5 |
| Fee Applications | Fri 10/30/15 | J. Radigan | Hours tracking and organization of the group's time tracking | 0.5 |
| Fee Applications | Fri 10/30/15 | P. Gross | Hours tracking and organization | 0.5 |
| **TOTAL OCTOBER** | | | | **5.0** |
| Fee Applications | Mon 11/2/15 | J. Radigan | Hours tracking and organization of the group's time tracking | 2.0 |
| Fee Applications | Mon 11/23/15 | J. Byrne | Fee application preparation | 2.0 |
| Fee Applications | Mon 11/23/15 | J. Radigan | Prepare fee application | 2.0 |
| Fee Applications | Mon 11/23/15 | P. Gross | Prepare fee application | 2.0 |
| Fee Applications | Tue 11/24/15 | J. Byrne | Fee application review | 1.5 |
| **TOTAL NOVEMBER** | | | | **9.5** |
| **TOTAL FEE APPLICATIONS** | | | | **14.5** |

8

# EXHIBIT E

**SUMMARY OF EXPENSES INCURRED BY IMPERIAL CAPITAL LLC
ON BEHALF OF THE DEBTORS FOR THE
PERIOD SEPTEMBER 30, 2015 THROUGH NOVEMBER 24, 2015**

| Expense Category | 10/1 - 11/12 |
|---|---|
| Transportation | $   100.65 |
| Meals | $    29.35 |
| **Total** | **$   130.00** |

## **EXHIBIT F**

### **DETAIL OF EXPENSES INCURRED BY IMPERIAL CAPITAL LLC ON BEHALF OF THE DEBTORS FOR THE PERIOD SEPTEMBER 30, 2015 THROUGH NOVEMBER 24, 2015**

| Expense Category | Expense Type | Date Expense Incurred | Vendor / Employee Name | Description | Expenses |
|---|---|---|---|---|---|
| Transportation | Transportation | 10/5/2015 | Justin Byrne | Subway to/from hearing | $    2.75 |
| Transportation | Transportation | 10/5/2015 | Justin Byrne | Cab to courthouse | 24.85 |
| Transportation | Transportation | 10/8/2015 | Justin Byrne | Subway to/from hearing | 5.50 |
| Transportation | Transportation | 10/16/2015 | Justin Byrne | Subway to/from hearing | 5.50 |
| Meals | Meals | 10/16/2015 | Justin Byrne, Robert Warshauer | Working Lunch after hearing | 29.35 |
| Transportation | Transportation | 10/20/2015 | Justin Byrne | Uber to Geneva offices | 14.84 |
| Transportation | Transportation | 10/21/2015 | Robert Warshauer | Transportation to/from court hearings | 20.00 |
| Transportation | Transportation | 10/21/2015 | Justin Byrne | Subway to/from hearing | 5.50 |
| Transportation | Transportation | 11/3/2015 | Justin Byrne | Uber to Geneva offices | 10.71 |
| Transportation | Transportation | 11/6/2015 | Justin Byrne | Subway to/from hearing | 5.50 |
| Transportation | Transportation | 11/24/2015 | Justin Byrne | Subway to/from hearing | 5.50 |
| **Total** | | | | | **$    130.00** |

# **EXHIBIT G**

## **PROPOSED ORDER**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------- x
                                          :

In re:                                     :        Chapter 11
                                            :

ADVANCE WATCH COMPANY LTD., et al.,   :        Case No. 15-12690 (MG)
                                            :

                     Debtors.[1]         :        Jointly Administered
                                            :

------------------------------------------------------------- x

**ORDER GRANTING FIRST AND FINAL APPLICATION OF IMPERIAL CAPITAL LLC**
**AS INVESTMENT BANKER FOR THE DEBTORS FOR COMPENSATION AND**
**REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD FROM**
**SEPTEMBER 30, 2015 THROUGH NOVEMBER 24, 2015**

Upon consideration of the First and Final Application of Imperial Capital LLC as Investment

Banker for the Debtors for Compensation and Reimbursement of Expenses Incurred for the Period from

September 30, 2015 through November 24, 2015 (the "**Application**"); and a hearing having been held

before this court to consider the Application; and notice having been given pursuant to the *Order*

*Pursuant to 11 U.S.C. §§ 105(a), 330, and 331, Fed. R. Bankr. P. 2016, and Local Rule 2016-1*

*Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*

[Doc. 75] and otherwise in accordance with Federal Rules of Bankruptcy Procedure 2002 (a)(6) and

(c)(2); and due consideration having been given to any responses thereto; and sufficient cause having

been shown therefor, it is hereby;

        ORDERED that the Application is granted to the extent set forth in the attached Schedule A.

Dated: New York, New York
       December __, 2015

                                       HONORABLE MARTIN GLENN
                                   UNITED STATES BANKRUPTCY JUDGE

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Advance Watch Company, Ltd. (8061); Binda USA Holdings, Inc. (8916); Sunburst Products, Inc. (5972), and GWG International, Ltd. (2468).

10225926

<u>**Schedule A**</u>

**FINAL FEE APPLICATION TOTALS**
**(September 30, 2015 through November 24, 2015)**

Case No.:      15-12690 (MG) (Jointly Administered)
Case Name:    <u>In re Advance Watch Company Ltd., et al.,</u>

| (1)<br>Applicant | (2)<br>Total Fees<br>Requested | (3)<br>Total Fees<br>Paid | (4)<br>Total Expenses<br>Requested | (5)<br>Total Expenses<br>Paid |
|---|---|---|---|---|
| Imperial Capital LLC | $450,000[1] | $0.00 | $130.00[2] | $0.00 |

---

[1]   To be credited against $50,000 retainer paid to Imperial Capital LLC prior to the commencement of these jointly administered chapter 11 cases.

[2]   To be credited against $10,000 expense deposit paid to Imperial Capital LLC prior to the commencement of these jointly administered chapter 11 cases, with the balance of said deposit to be applied to payment of the Total Fees Requested.

DATE ON WHICH ORDER WAS SIGNED: _____          INITIALS _____ USBJ