**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
                                                             :
In re:                                                       :    Chapter 11
                                                             :
ADVANCE WATCH COMPANY LTD., et al.,                          :    Case No. 15-12690 (MG)
                                                             :
         Debtors.[1]                                         :    Jointly Administered
                                                             :
------------------------------------------------------------ x

**ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER
(I) PRELIMINARILY APPROVING THE DISCLOSURE STATEMENT;
(II) APPROVING SOLICITATION PROCEDURES ON A FINAL BASIS;
(III) SCHEDULING A COMBINED HEARING TO CONSIDER (A) FINAL
APPROVAL OF THE DISCLOSURE STATEMENT, AND
(B) CONFIRMATION OF THE JOINT PLAN OF LIQUIDATION; AND
(IV) ESTABLISHING NOTICE AND OBJECTION PROCEDURES TO
DISCLOSURE STATEMENT APPROVAL AND PLAN CONFIRMATION**

Upon the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), for entry of an order (the "**Order**") (i) approving the Debtors' disclosure statement, as supplemented or amended [Docs. 186, 192, 202 & 205] (as amended from time to time, the "**Disclosure Statement**") on a preliminary basis; (ii) approving the proposed procedures for the solicitation of votes, voting, and form of ballots (collectively, the "**Solicitation Procedures**") on a final basis; (iii) authorizing the Debtors to make certain pre-confirmation deposits under the terms of the Plan; (iv) scheduling a combined hearing (the "**Joint Hearing**") to consider (a) final approval of the Disclosure Statement and (b) confirmation of the Debtors' joint plan of liquidation, as supplemented or amended [Docs. 185 & 201] (as amended from time to time, the "**Plan**"); (v) establishing an objection deadline to object to the

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Advance Watch Company, Ltd. (8061); Binda USA Holdings, Inc. (8916); Sunburst Products, Inc. (5972), and GWG International, Ltd. (2468).

[2] All capitalized terms not otherwise defined herein shall have the same definition as set forth in the Motion.

adequacy of the Disclosure Statement and/or confirmation of the Plan; and (vi) approving the form and manner of notice thereof; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having found that no other or further notice need be provided; and the Court having reviewed the Motion, having heard the statements in support of the relief requested therein at a hearing before the Court (the "**Hearing**") and having considered the entire record before the Court; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor,

      The Court HEREBY FINDS AS FOLLOWS:

      A.    On a preliminary basis, the Disclosure Statement complies with the requirements of title 11 of the United States Code (the "**Bankruptcy Code**") and the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and contains adequate information as such term is defined in § 1125 of the Bankruptcy Code.

      B.    Cause exists to reduce the objection notice requirements set forth under Bankruptcy Rule 2002.

      C.    The Solicitation Procedures proposed in the Motion are fair and reasonable.

Accordingly, after due deliberation, it is HEREBY ORDERED THAT:

1. The Motion is granted as provided herein.

2. The Disclosure Statement is approved on a preliminary basis as containing "adequate information" under § 1125 of the Bankruptcy Code.

3. The Debtors are authorized to (i) make non-material changes to the Disclosure Statement and related documents (including, without limitation, the exhibits thereto) and (ii) revise the Disclosure Statement and related documents (including, without limitation, the exhibits thereto) to add further disclosure concerning events occurring at or after the Hearing prior to distributing it to each person or entity whose Claim against the Debtors is Impaired and is entitled to vote on the Plan.

4. The Debtors are authorized to make the Deposits pursuant to the terms of the Plan.

5. A hearing to consider final approval of the Disclosure Statement and confirmation of the Plan (the "**Joint Hearing**") will be held in the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton U.S. Custom House, Room 501, One Bowling Green, New York, New York 10004, on **January 20, 2016, at 11:00 a.m. (prevailing Eastern Time)**.

6. Objections or proposed modifications, if any, to the Plan, and objections to final approval of the Disclosure Statement, must (i) be in writing, (ii) state the name and address of the objecting party and the amount and nature of the Claim or Interest of such party, (iii) state with particularity the basis and nature of any objection or proposed modification, (iv) comply with the Bankruptcy Rules and the Local Bankruptcy Rules and (v) be filed with the Clerk of the Court, with a copy delivered to Chambers, and served so as to be received by (a) counsel to the

Debtors, (b) counsel to the Committee, and (c) the United States Trustee, no later than **January 12, 2016, at 12:00 p.m. (noon) (prevailing Eastern Time)** (the "**Plan and Disclosure Statement Objection Deadline**").

7. Debtors' memorandum of law in support of Plan confirmation and any replies to objections to the Plan or to final approval of the Disclosure Statement shall be filed and served no later than **January 14, 2016, at 12:00 p.m. (noon) (prevailing Eastern Time)**.

8. The Joint Hearing Notice, substantially in the form attached to the Motion as **Exhibit B** is hereby approved.

9. The Unimpaired Creditor Notice to Claim Holders in Classes 1, 2, 3, and 4, substantially in the form attached to the Motion as **Exhibit C**, and the Non- Voting Status Notice to Claims and Interest Holders in Classes 6 and 9, substantially in the form attached to the Motion as **Exhibit D**, are hereby approved.

10. The Ballots, substantially in the forms attached to the Motion as **Exhibit E** and **Exhibit F** are hereby approved for Class 5 and Class 8, respectively, and a Ballot, substantially in the form as those used for Classes 5 and 8, is hereby approved for Class 7.

11. The support letter from the Committee (the "**Committee Support Letter**"), in substantially the form attached as **Exhibit A** to the supplement to the Motion [Doc. 192], is hereby approved to be included in the Solicitation Package sent to Holders of Class 5 Claims.

12. The Solicitation Procedures, as modified herein, are hereby approved; provided, however, that the Debtors have reserved the right to modify, amend or supplement the Solicitation Procedures.

13. The Debtors shall cause the Joint Hearing Notice to be served on all Holders of Claims and Interests on or before **December 18, 2015**.

4

14. On or before **December 18, 2015**, the Debtors shall cause (i) the Plan, the Disclosure Statement, and the Joint Hearing Notice to be distributed to all Holders of known (a) Administrative Expense Claims, (b) Compensation and Reimbursement Claims, (c) Priority Tax Claims, and (d) the DIP Facility Claim; and (ii) the Solicitation Package be distributed to all Holders of Claims in Classes 5, 7 and 8 (other than Holders of Disputed Voting Claims).[3]

15. The Debtors are authorized (but not required) to distribute the Plan, the Disclosure Statement, and this Order (without exhibits) in PDF format on a CD-ROM. The Ballots, as well as the Confirmation Hearing Notice and other materials, must be provided in paper format.

16. Consistent with § 1126 of the Bankruptcy Code and Bankruptcy Rule 3017(d), the Solicitation Package will not be distributed to Holders of Claims against or Interests in the Debtors that are placed in a class under the Plan that is deemed to accept or reject the Plan under § 1126 of the Bankruptcy Code.

17. The Plan Supplement and Creditor Trust Agreement shall be filed with the Court no later than **January 8, 2016**.

18. The first day of the Hearing (the "**Voting Record Date**") is the date for purposes of determining which creditors are entitled to vote on the Plan.

19. Ballots of the Holders of Claims in Classes 5, 7 and 8 shall be delivered by only <u>one</u> of the following methods: (i) via hand delivery or overnight courier to Advance Watch Company, Ltd. Ballot Processing, c/o Epiq Bankruptcy Solutions, LLC, 10300 SW Allen Blvd., Beaverton, OR 97005; (ii) by first class mail to: Advance Watch Company, Ltd. Ballot Processing, c/o Epiq Bankruptcy Solutions, LLC, P.O. Box 4422, Beaverton, OR 97076-4422; or

---

[3] For purposes of this Order, the term "**Voting Claims**" shall mean Holders of Claims in Classes 5, 7, and 8.

(iii) via electronic mail to tabulation@epiqsystems.com (please reference "Advance Watch Company" in the subject line of such email) so as to be received no later than **January 11, 2016, at 7:00 p.m. prevailing Eastern Time (4:00 p.m. prevailing Pacific Time)** (the "**Voting Deadline**").

20.     The Solicitation Agent shall file its declaration regarding the voting results no later than January 13, 2016.

21.     With respect to any transferred Claim in a voting Class (other than a Disputed Claim), the transferee shall be entitled to receive the Solicitation Package and vote to accept or reject the Plan on account of the transferred Claim only if: (i) all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Voting Record Date, or (ii) the transferee files, no later than the Voting Record Date, (a) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer of the Claim and (b) a sworn statement of the transferor supporting the validity of the transfer.

22.     In the event a Claim is transferred after the transferor has completed a Ballot, the transferee of such Claim shall be bound by any vote (and the consequences thereof) made on the Ballot by the Holder of such transferred Claim.

23.     Any motion for temporary claim allowance pursuant to Bankruptcy Rule 3018(a) shall be filed no later than **December 31, 2015 at 4:00 p.m. (prevailing Eastern Time)** (the "**Resolution Deadline**").

24.     For voting purposes only, and not for the purpose of determining who has an Allowed Claim or who is entitled to receive a distribution under the Plan, the following voting procedures are approved:

   a. Tabulation Rules:

6

i. The Claim amount for voting purposes shall be the Claim amount contained on a timely filed proof of claim or, if no proof of claim was filed, the non-contingent, liquidated and undisputed claim amount that is listed in the Debtors' schedules of assets and liabilities (the "**Schedules**");

ii. Ballots cast by creditors who timely file proofs of claim for unknown, undetermined, unliquidated, or contingent amounts, including all Claims based on pending litigations not subject to a judgment against any of the Debtors, will count for satisfying the numerosity requirement of § 1126(c) of the Bankruptcy Code and will count as Ballots for Claims in the amount of $1.00 solely for the purpose of satisfying the dollar amount provisions of § 1126(c) of the Bankruptcy Code;

iii. If a Claim is partially liquidated and partially unliquidated, such Claim shall be allowed for voting purposes only in the liquidated amount;

iv. If a creditor casts a Ballot and such creditor is an "insider" as that term is defined in § 101(31) of the Bankruptcy Code, such creditor's Ballot shall be counted in accordance with the Bankruptcy Code;

v. If a creditor casts a Ballot and is listed on the Schedules as holding a Claim that is contingent, unliquidated or disputed, undetermined in amount, or for $0.00, and has not filed a proof of claim, such creditor's Ballot shall not be counted (for the avoidance of doubt, if a creditor is listed on the Schedules as holding a Claim that is contingent, unliquidated or disputed, undetermined in amount, or for $0.00, and has not filed a proof of claim, such creditor shall not be entitled to vote or receive a Solicitation Package containing a Ballot; provided, however, that the Solicitation Agent will distribute a Joint Hearing Notice to such creditor);

vi. Notwithstanding anything to the contrary set forth in the Order, if a Claim is deemed allowed in accordance with the Plan, an order of the Court or a stipulated agreement between the parties, such Claim will be temporarily allowed for voting purposes in the deemed allowed amount set forth therein;

vii. Notwithstanding anything to the contrary contained in the Order, any creditor who has filed or purchased duplicate Claims within the same voting Class shall be provided with only one Solicitation Package and one Ballot for voting a single Claim in such class, regardless of whether the Debtors have objected to such duplicate Claims;

viii. If a proof of claim has been amended by a later filed proof of claim, the later filed amending claim will be entitled to vote in a manner consistent with the tabulation rules, and the earlier filed amended Claim will not be entitled to vote, regardless of whether the Debtors have objected to such amended Claim;

ix. Claims filed for $0.00 are not entitled to vote; and

x. For purposes of the numerosity <u>and</u> amount requirement of § 1126(c) of the Bankruptcy Code, the following rules apply:

1. separate Claims held by a single creditor in a particular Class shall be aggregated (based on the reasonable efforts of the Debtors and the Solicitation Agent) as if such creditor held one Claim against the Debtors in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan.

2. separate Claims held by a single creditor in a particular voting Class held or filed against one Debtor or multiple Debtors on account of the same liability will be treated as if such creditor held one Claim in such voting Class, the votes related to such Claims will be treated as a single vote to accept or reject the Plan, only in an amount of one such Claim.

b. Except as provided below, unless the Ballot being furnished is timely submitted on or prior to the Voting Deadline, the Debtors may, in their sole discretion, reject such Ballot as invalid and, therefore, decline to utilize it in connection with seeking confirmation of the Plan by the Bankruptcy Court.

c. If a Ballot is signed by trustees, executors, administrators, guardians, attorneys-in-fact, officers of corporations, or others acting in a fiduciary or representative capacity, each such person should indicate such capacity when signing its Ballot and, if so requested by the Debtor or the Solicitation Agent, must submit proper evidence satisfactory to the Debtor of its authority to so act.

d. Any entity that is required to file a proof of claim, but that fails to do so by the applicable bar date is barred, estopped and enjoined from asserting such Claim against the Debtors, or voting upon, or receiving distributions under, any plan or plans of reorganization in these Chapter 11 Cases in respect of such Claim. Thus, no claimants asserting late-filed Claims shall be entitled to vote to accept or reject the Plan, unless such late-filed Claim has been deemed timely-filed under applicable law by an applicable order of the Bankruptcy Court.

e. Any Holder of a Voting Claim against the Debtors (i) for which the Debtors have filed an objection on or before the Voting Deadline to the extent and in the manner as may be set forth in such objection unless such Claim is subsequently allowed on or before the Voting Deadline, or (ii) who is a defendant in an adversary proceeding where such Claim would be subject to disallowance under § 502(d) of the Bankruptcy Code (such Claims in clauses (i) and (ii) being referred to herein as "**Disputed Voting Claims**"), shall not be entitled to vote on the Plan and shall not be counted in determining whether the requirements of § 1126 of the Bankruptcy Code have been met. If any Holder of a Disputed Voting Claim disagrees with such voting status (or if a Holder of a Voting Claim disagrees with

8

the classification and/or vote amount provided on its Ballot), then it must file with the Bankruptcy Court and serve upon the undersigned, by the Resolution Deadline, a motion (a "**Temporary Allowance Motion**") requesting temporary allowance of its Claim for voting purposes only, in accordance with Bankruptcy Rule 3018(a). No later than 2 business days after the filing and service of such Temporary Allowance Motion, the Solicitation Agent will send the movant a Solicitation Package (as appropriate), and the movant shall be required to return its Ballot to the Solicitation Agent by the Voting Deadline. If the Debtors and the movant cannot resolve consensually the temporary allowance of the Claim subject to the Temporary Allowance Motion, the Debtors will request that the Bankruptcy Court consider the Temporary Allowance Motion at the Confirmation Hearing. The Debtors and the Solicitation Agent will reserve all rights with respect to the Temporary Allowance Motion and the Claim subject thereto.

f.  The allowance of any Voting Claim for voting purposes on the Plan shall not constitute a waiver of any rights of the Debtors to object to such Claim for purposes of allowance or Distribution under the Plan or otherwise.

25. To ensure that its vote is counted, each Holder of a Claim in Classes 5, 7 and 8 must (i) complete a Ballot, (ii) indicate the Holder's decision whether to accept or reject the Plan in the boxes provided in the Ballot, and (iii) sign and return the Ballot, by the Voting Deadline, to the address set forth on the envelope enclosed therewith.

26. The following general voting procedures and standard assumptions shall be used in tabulating Ballots:

   a. All votes must be cast either to accept or to reject the Plan and may not be split;

   b. Any Ballot that partially rejects and partially accepts, or conditionally accepts the Plan, will not be counted;

   c. A properly executed Ballot that either (i) indicates both an acceptance and rejection of the Plan or (ii) fails to indicate an acceptance or rejection of the Plan will not be counted;

   d. Except as the Debtors may otherwise agree in their discretion, a Ballot may be submitted by only one of the following methods: (a) in the provided postage prepaid envelope, (b) via electronic mail, or (c) by first class mail, overnight courier, or hand delivery;

   e. Only properly executed and signed Ballots that are timely received will be counted, and Ballots not containing a signature will not be counted;

9

  f. Whenever more than one Ballot voting the same claim is received prior to the Voting Deadline, only the latest properly completed Ballot received prior to the Voting Deadline will be counted and deemed to supersede any prior received Ballot;

  g. If a creditor simultaneously casts inconsistent Ballots, such Ballots shall not be counted;

  h. Without further order of the Court, any Holder of a Claim entitled to vote that has delivered a valid Ballot may withdraw such Ballot solely in accordance with Bankruptcy Rule 3018(a);

  i. Any Ballot that is illegible or contains insufficient information to permit identification of the Claim or Interest Holder may not be counted;

  j. Any Ballot cast by a person or entity that does not hold a Claim in a voting Class will not be counted;

  k. Subject to any order of the Court to the contrary, the Debtors, in their sole discretion, reserve the right to waive any defect in any Ballot at any time, whether before or after the Voting Deadline, and without notice; and

  l. None of the Debtors, the Solicitation Agent or any other person or entity will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots, nor will any of them incur any liability for failure to provide such notification.

27. Where an impaired Class of Claims is otherwise entitle to vote on the Plan, but no Claim in such Class is voted, such Class may be deemed to have accepted the Plan.

28. Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately and shall not be stayed.

29. The Debtors are authorized and empowered to take all actions and execute such other documents as may be necessary to implement the relief granted herein.

[*REMAINDER OF PAGE INTENTIONALLY BLANK*]

30. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**IT IS SO ORDERED.**

Dated: December 16, 2015.
   New York, New York

                                               _____/s/Martin Glenn_____
                                                         MARTIN GLENN
                                       United States Bankruptcy Judge