UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------ x
                                        :
In re:                                  :   Chapter 11
                                        :
ADVANCE WATCH COMPANY LTD., et al.,     :   Case No. 15-12690 (MG)
                                        :
        Debtors.¹                       :   Jointly Administered
                                        :
------------------------------------------------------------ x
```

### FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING THE DEBTORS' JOINT PLAN OF LIQUIDATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

Upon consideration of the *Debtors' First Amended Joint Plan of Liquidation under Chapter 11 of the Bankruptcy Code* [Doc. 201] (the "**First Amended Plan**"), as supplemented by the *Plan Supplement* [Doc. 218] (as amended, modified or supplemented, the "**Plan Supplement**"), and as amended by the *Debtors' Second Amended Joint Plan of Liquidation under Chapter 11 of the Bankruptcy Code* [Doc. 239] (as amended, modified or supplemented, the "**Plan**") filed by the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") in these chapter 11 cases (the "**Chapter 11 Cases**"); and the Court having entered an Order, among other things, preliminarily approving the Disclosure Statement with respect to the Plan [Doc. 205] (as amended, modified or supplemented, the "**Disclosure Statement**") and approving certain procedures for the solicitation and tabulation of votes for the Plan; and upon the *Declaration of Stephenie Kjontvedt on Behalf of Epiq Bankruptcy Solutions, LLC Regarding Voting and Tabulation of Ballots Accepting and Rejecting Debtors' First Amended Joint Plan of Liquidation under Chapter 11 of the Bankruptcy Code* [Doc. 223] (the "**Voting Certification**"), as a representative of Epiq Bankruptcy Solutions, LLC ("**Epiq**"), the Court-approved voting

---

¹ The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Advance Watch Company, Ltd. (8061); Binda USA Holdings, Inc. (8916); Sunburst Products, Inc. (5972), and GWG International, Ltd. (2468).

agent in these Chapter 11 Cases, having certified the ballots accepting and rejecting the Plan (the "**Voting Certification**"); and upon the *Declaration of Jeffrey L. Gregg in Support of Confirmation of the Debtors' First Amended Joint Plan of Liquidation Under Chapter 11 of the Bankruptcy Code and Final Approval of the Related Disclosure Statement* [Doc. 228] (the "**Gregg Declaration**"); and upon the *Debtors' Memorandum of Law in Support of Confirmation of the Debtors' First Amended Joint Plan of Liquidation Under Chapter 11 of the Bankruptcy Code and Final Approval of the Related Disclosure Statement* [Doc. 227] (the "**Plan Support Memorandum**"); and the Court having considered the *Response of the United States Trustee to the First Amended Joint Plan of Liquidation Under Chapter 11 of the Bankruptcy Code* [Doc. 222] (the "**U.S.T. Response**") and the *Objection by Binda SpA S.R.L. to Confirmation of Debtors' Proposed First Amended Joint Plan of Liquidation* [Doc. 221] (the "**Binda SpA Objection**" and together with the U.S.T. Response, the "**Objections**"); and no other objection to the adequacy of the Disclosure Statement or confirmation of the Plan having been filed or received; and a hearing to approve the Disclosure Statement on a final basis and to confirm the Plan having been held on January 20, 2016 (the "**Hearing**"); and the Court having reviewed all documents in connection with approval of the Disclosure Statement and confirmation of the Plan and having heard all parties desiring to be heard at the Hearing; and upon the record compiled in these Chapter 11 Cases, including all the evidence proffered or adduced and the arguments of counsel at the Hearing; and after due deliberation and consideration of all of the foregoing; and sufficient cause appearing therefor; the Court hereby makes the findings of fact and decrees set forth below.

## **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

IT IS HEREBY FOUND AND DETERMINED THAT:

A.    <u>Capitalized Terms</u>.  Except where otherwise noted, capitalized terms used but not defined herein shall have the respective meanings attributed to such terms in the Plan.

B.    <u>Findings and Conclusions</u>.  The findings and conclusions set forth herein and in the record of the Hearing constitute the Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedures, as made applicable herein by Bankruptcy Rules 7052 and 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.   To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

C.    <u>Jurisdiction, Venue, Core Proceeding</u>.   This Court has jurisdiction over these Chapter 11 Cases pursuant to 28 U.S.C. §§ 1334(a) and 157.   Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.   This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

D.    <u>Disclosure Statement</u>.  The Disclosure Statement complies with the requirements of the Bankruptcy Code and the Bankruptcy Rules and contains "adequate information" as such term is defined in § 1125 of the Bankruptcy Code.

E.    <u>Solicitation</u>.  In accordance with the *Order Granting Debtors' Motion for Entry of an Order (I) Preliminarily Approving the Disclosure Statement; (II) Approving Solicitation Procedures on a Final Basis; (III) Scheduling a Combined Hearing to Consider (A) Final Approval of the Disclosure Statement, and (B) Confirmation of the Joint Plan of Liquidation; and (IV) Establishing Notice and Objection Procedures to Disclosure Statement Approval and Plan Confirmation* [Doc. 206] (the "**Disclosure Statement Order**"), the Debtors caused a copy of the Solicitation Package and the Joint Hearing Notice (each as defined in the Disclosure

Statement Order) to be timely mailed to all persons and entities required by the Disclosure
Statement Order.

F.    Judicial Notice.    The Court takes judicial notice of the dockets in these jointly-
administered Chapter 11 Cases, including all pleadings and other documents filed, all orders
entered, and all evidence and arguments made, proffered, or adduced at the hearings held before
the Court during the pendency of these Chapter 11 Cases.

G.    Burden of Proof.    The Debtors have met their burden of proving the elements of
§§ 1129(a) and (b) of the Bankruptcy Code by a preponderance of the evidence.

H.    Objections.    All objections to confirmation of the Plan that have not been
withdrawn, waived, or settled, and all reservations of rights pertaining to confirmation of the
Plan therein, are overruled on the merits for the reasons stated on the record of the Hearing and
otherwise stated below.

I.    Plan Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(1)).    The Plan
complies with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the
Local Bankruptcy Rules and the orders of this Court with respect to the Plan, thus satisfying the
requirements of § 1129(a)(1) of the Bankruptcy Code.

a.    Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1)). Sections 3 and 4 of the
Plan adequately and properly identify and classify all Claims and Interests.
The Claims and Interests placed in each Class are substantially similar to other
Claims or Interests, as the case may be, in each such Class, and such
classification is therefore consistent with § 1122 of the Bankruptcy Code.
Valid business and legal reasons exist for the various Classes of Claims and
Interests created under the Plan, specifically including Class 7 Intercompany

Claims, and such classification does not unfairly discriminate among Holders of Claims or Interests.  The classification of Claims and Interests in the Plan is reasonable.  Accordingly, the Plan satisfies § 1123(a)(1) of the Bankruptcy Code.

b.  <u>Specified Unimpaired Classes (11 U.S.C. § 1123(a)(2))</u>.  The Plan specifies in Sections 3 and 4 that Claims in Classes 1, 2, 3, and 4 are not impaired under the Plan, thereby satisfying § 1123(a)(2) of the Bankruptcy Code.

c.  <u>Specified Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3))</u>.  The Plan specifies in Sections 3 and 4 the Classes of Claims and Interests that are impaired, and specifies the treatment of the Impaired Classes (Classes 5, 6, 7, 8, and 9), thereby satisfying § 1123(a)(3) of the Bankruptcy Code.

d.  <u>No Discrimination (11 U.S.C. § 1123(a)(4))</u>. The Plan provides for the same treatment for Claims and Interests in each respective Class unless the Holder of a particular Claim or Interest has agreed to a less favorable treatment of such Claim or Interest, thereby satisfying § 1123(a)(4) of the Bankruptcy Code.

e.  <u>Implementation of the Plan (11 U.S.C. § 1123(a)(5))</u>.  Section 6 of the Plan provides adequate and proper means for implementation of the Plan, thereby satisfying § 1123(a)(5) of the Bankruptcy Code.  Among other things, Section 6 provides for: (i) the limited substantive consolidation of the Debtors; (ii) the dissolution of the Debtors; (iii) the establishment of the Creditor Trust and the appointment of the Creditor Trustee; and (iv) the transfer of the Creditor Trust Assets to the Creditor Trust, to be administered in accordance with the terms

of the Plan and the Creditor Trust Agreement for the benefit of the Creditor Trust's beneficiaries.

f.  <u>Non-Voting Equity Securities/Allocation of Voting Power (11 U.S.C. § 1123(a)(6))</u>.  The Plan provides for the transfer of the Creditor Trust Assets to the Creditor Trust, to be liquidated and distributed in a non-discriminatory manner and in accordance with the Plan and the Creditor Trust Agreement, and the subsequent dissolution of the Debtors, and, therefore, the Plan does not expressly provide for the inclusion in the charters of the Debtors a provision prohibiting the issuance of nonvoting securities.  Nonetheless, because the Plan does not provide for the issuance of any securities, the issuance of nonvoting securities is impossible.  Therefore, the Plan satisfies the requirements set forth in Bankruptcy Code § 1123(a)(6).

g.  <u>Appointment of Liquidating Trustee (11 U.S.C. § 1123(a)(7))</u>.  Section 6 of the Plan regarding the appointment of the Creditor Trustee and any successor Creditor Trustee is consistent with the interests of creditors and equity security holders and with public policy, thereby satisfying § 1123(a)(7) of the Bankruptcy Code.

h.  <u>Earnings from Personal Services (11 U.S.C. § 1123(a)(8))</u>.  Section 1123(a)(8) of the Bankruptcy Code applies only to individual debtors and is not applicable in these Chapter 11 Cases.

i.  <u>Impairment/Unimpairment of Classes of Claims and Interests (11 U.S.C. § 1123(b)(1))</u>.  As permitted by Bankruptcy Code § 1123(b)(1), Sections 3

and 4 of the Plan designate Classes 1, 2, 3, and 4 as Unimpaired and Classes 5, 6, 7, 8, and 9 as Impaired.

j.  <u>Assumption and Rejection (11 U.S.C. § 1123(b)(2))</u>. Section 9 of the Plan governs the assumption and rejection of executory contracts and unexpired leases and meets the requirements of Bankruptcy Code § 365.

k.  <u>Preservation of causes of action (11 U.S.C. § 1123(b)(3))</u>. Section 6 of the Plan provides for the retention of causes of action not expressly settled or released under the Plan. Thus, the Plan satisfies the requirements of Bankruptcy Code § 1123(b)(3).

l.  <u>Distributions of Proceeds of Sale (11 U.S.C. § 1123(b)(4))</u>. Consistent with § 1123(b)(4) of the Bankruptcy Code, the Plan effectuates the distribution of the remaining proceeds from the sale of all or substantially all of the property of the Estates under the prior Sale Order entered in these Chapter 11 Cases. Thus, the Plan satisfies the requirements of Bankruptcy Code § 1123(b)(4).

m.  <u>Modification of Rights of Secured Creditors (11 U.S.C. § 1123(b)(5))</u>. Section 4 of the Plan modifies or leaves unaffected, as the case may be, the rights of Holders of Claims and Interests within each class. Thus, the Plan satisfies the requirements of Bankruptcy Code § 1123(b)(5).

n.  <u>Additional Plan Provisions (11 U.S.C. § 1123(b)(6))</u>. Each of the provisions of the Plan is appropriate and consistent with the applicable provisions of the Bankruptcy Code.

o.  <u>Cure of Defaults (11 U.S.C. § 1123(d))</u>. As required by Bankruptcy Code § 365(b)(1), any monetary amounts by which any executory contract or

unexpired lease that may be assumed under the Plan is in default shall be satisfied by payment of the required cure amount by the Purchaser.  Thus, the Plan complies with § 1123(d) of the Bankruptcy Code.

J.    Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(2)).    The Plan satisfies § 1129(a)(2) of the Bankruptcy Code because the Debtors, as proponents of the Plan, have complied with the applicable provisions of the Bankruptcy Code.

K.    Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3)).    The Plan (and any other documents necessary to effectuate the Plan) has been proposed and negotiated in good faith and not by any means forbidden by law and satisfies § 1129(a)(3) of the Bankruptcy Code.   In determining that the Plan has been proposed in good faith, the Bankruptcy Court examined the totality of the circumstances surrounding the Plan and the formulation of the Plan.  Based on the evidence presented at the Confirmation Hearing, the Bankruptcy Court finds and concludes that the Plan has been proposed with the legitimate and honest purpose of maximizing the recoveries available to creditors.  The Plan is the result of extensive, arm's length negotiations between and among the Debtors the Committee, and other parties in interest.  The terms of the Plan are fair, just, and reasonable under the circumstances.  Consistent with the overriding purpose of chapter 11 of the Bankruptcy Code, the Plan is designed to allow the Debtors to satisfy their obligations to the greatest extent possible.  Moreover, the sufficiency of disclosure and the arm's length negotiations among the Debtors, the Committee and other interested parties, leading to the formulation of the Plan and the Plan Supplement, all provide independent evidence of the Debtors' good faith in proposing the Plan in compliance with § 1129(a)(3) of the Bankruptcy Code.  The Committee supports confirmation of the Plan.  The Plan provides for a distribution of the value of the Debtors' Estates to their creditors in accordance with the priorities and

provisions of the Bankruptcy Code.  Further, the Plan's classification of Claims and Interests, exculpation, release, and injunction provisions have been negotiated in good faith and at arm's length and are consistent with §§ 105, 1122, 1123(b)(3)(A), and 1129 of the Bankruptcy Code, and each is necessary for confirmation of the  Plan.  Accordingly, the Plan has been filed in good faith and the Debtors have satisfied their obligations under § 1129(a)(3) of the Bankruptcy Code.

L.      Payment for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)).  The Plan satisfies § 1129(a)(4) of the Bankruptcy Code, as any payments made or promised by the Debtors, or a person issuing securities or acquiring property under the Plan, for services or for costs and expenses in, or in connection with, the Chapter 11 Cases, or in connection with the Plan and incident to the Chapter 11 Cases, have been approved by, or are subject to approval of, the Court as reasonable.

M.      Directors, Officers, and Trustees (11 U.S.C. § 1129(a)(5)).  The Plan satisfies § 1129(a)(5) of the Bankruptcy Code because the identity and affiliations of the Creditor Trustee have been disclosed, and the appointment of the Creditor Trustee is consistent with the interests of Holders of Claims against and Interests in the Debtors and with public policy.

N.      No Rate Changes (11 U.S.C. § 1129(a)(6)).  The provisions of § 1129(a)(6) of the Bankruptcy Code are inapplicable to these Chapter 11 Cases because, after the Effective Date, there are no rate changes provided for in the Plan for which a governmental regulatory commission will have jurisdiction over the Debtors after confirmation of the Plan.

O.      Best Interest of Creditors (11 U.S.C. § 1129(a)(7)).  The Plan satisfies § 1129(a)(7) of the Bankruptcy Code because each Holder of an Impaired Claim or Interest (i) has accepted the Plan, (ii) will receive or retain under the Plan on account of such Claim or Interest property of a value, as of the Effective Date, that is not less than the amount that such

Holder would receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code on the Effective Date, or (iii) has agreed to receive less favorable treatment.

P.    Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8)).    Section 1129(a)(8) of the Bankruptcy Code requires that, for each Class of Claims or Interests under the Plan, such Class has either accepted the Plan or is not Impaired under the Plan.    Unimpaired Classes 1, 2, 3, and 4 are conclusively presumed to have accepted the Plan without the solicitation of acceptances or rejections pursuant to § 1126(f) of the Bankruptcy Code.    As set forth in the Voting Certification, Impaired Classes 5 and 8 accepted the Plan.    Therefore, Classes 1, 2, 3, 4, 5 and 8 have or are deemed to have accepted the Plan.    As set forth in the Voting Certification, Impaired Class 7 has not accepted the Plan.    Class 9 is Impaired and deemed to have rejected the Plan.    Therefore, Classes 7 and 9 have or are deemed to have rejected the Plan.    There were no Class 6 Subordinated Claims.    Accordingly, Class 6 neither accepts nor rejects the Plan.    The Plan does not discriminate unfairly and is fair and equitable with respect to Class 7, as required by § 1129(b)(1) of the Bankruptcy Code.    Additionally, the Plan is consistent with the absolute priority rule and is thus "fair and equitable".    Therefore, the Plan satisfies the requirement of § 1129(b)(2) of the Bankruptcy Code.    Accordingly, the Plan satisfies the "cramdown" requirements of § 1129(b) and therefore may be confirmed, notwithstanding that not all Impaired Classes of Claims and Interests have accepted the Plan.    Upon confirmation and the occurrence of the Effective Date, the Plan shall be binding upon all Holders of Claims and Interests, irrespective of whether such Holders have accepted or rejected the Plan.

Q.    Treatment of Administrative Expense Claims, Priority Tax Claims, and Other Priority Claims (11 U.S.C. § 1129(a)(9)).    Except to the extent that the Holder of a particular Claim has agreed to a different treatment of such Claim, the treatment of Claims under the Plan

of the type specified in §§ 507(a)(l) through 507(a)(8) of the Bankruptcy Code, if any, complies with the provisions of § 1129(a)(9) of the Bankruptcy Code.

R.    <u>Acceptance by Impaired Class (11 U.S.C. § 1129(a)(10))</u>.  Section 1129(a)(10) of the Bankruptcy Code is satisfied, as at least one Impaired Class of Claims has accepted the Plan, determined without including any acceptances of the Plan by any insider.

S.    <u>Feasibility (11 U.S.C. § 1129(a)(11))</u>.  Section 1129(a)(11) of the Bankruptcy Code is satisfied, as confirmation of the Plan is not likely to be followed by the need for further liquidation or financial reorganization of the Debtors.

T.    <u>Payment of Fees (11 U.S.C. § 1129(a)(12))</u>.  Section 1129(a)(12) of the Bankruptcy Code is satisfied, as all fees payable under § 1930 of title 28 of the United States Code have either been paid or will be paid under the Plan.

U.    <u>Continuation of Retiree Benefits (11 U.S.C § 1129(a)(13))</u>.  The Debtors are not obligated to pay retiree benefits and are therefore in compliance with the requirements of § 1129(a)(13) of the Bankruptcy Code.

V.    <u>No Domestic Support Obligations (11 U.S.C. § 1129(a)(14))</u>.  The Debtors are not required by a judicial or administrative order, or by statute, to pay a domestic support obligation. Accordingly, Bankruptcy Code § 1129(a)(14) is inapplicable to these Chapter 11 Cases.

W.    <u>Debtor Is Not An Individual (11 U.S.C. § 1129(a)(15))</u>.  The Debtors are not individuals and, accordingly, Bankruptcy Code § 1129(a)(15) is inapplicable to these Chapter 11 Cases.

X.    <u>No Applicable Nonbankruptcy Law Regarding Transfers (11 U.S.C. § 1129(a)(16))</u>.  The Debtors were moneyed, business, or commercial corporations and, accordingly, Bankruptcy Code § 1129(a)(16) is inapplicable to these Chapter 11 Cases.

Y.     <u>Fair and Equitable; No Unfair Discrimination (11 U.S.C. § 1129(b))</u>.  Holders of

Claims and Interests in Classes 7 and 9 have not or are deemed to have not accepted the Plan.

Based upon the evidence proffered, adduced, and presented by the Debtors in the Gregg

Declaration and at the Hearing, the Plan does not discriminate unfairly and is fair and equitable

with respect to the aforementioned Classes, as required by §§ 1129(b)(1) and (b)(2) of the

Bankruptcy Code.  Thus, the Plan may be confirmed notwithstanding the deemed rejection of the

Plan by these Classes.

Z.     <u>Only One Plan (11 U.S.C. § 1129(c))</u>.  There is only one plan being confirmed in

these Chapter 11 Cases.  Thus, the Plan satisfies the requirements of § 1129(c) of the Bankruptcy

Code.

AA.     <u>Principal Purpose of the Plan (11 U.S.C. § 1129(d))</u>.  The primary purpose of the

Plan is not the avoidance of taxes or the requirements of Section 5 of the Securities Act of 1933.

BB.     <u>Retention of Jurisdiction</u>.  The Bankruptcy Court finds that it may properly retain

jurisdiction over the matters set forth in Section 12 of the Plan.

CC.     <u>Releases, Exculpation, and Injunction</u>.

a.     The Bankruptcy Court has jurisdiction under 28 U.S.C. §§ 1334(a) and (b)

and § 105 of the Bankruptcy Code to approve the provisions with respect to the Debtor Releases,

Releases by Holders of Claims and Interests, exculpation, and injunctions set forth in Section 11

of the Plan.  Any objections to these provisions of the Plan have been and are overruled.

b.     The Debtor Releases provisions contained in Section 11.8 of the Plan

represent a valid exercise of the Debtors' business judgment and accordingly are appropriate

under § 1123(b)(3)(A).

c.      The Releases by Holders of Claims and Interests provisions contained in Section 11.9 of the Plan include releases by Holders of Impaired Claims, each of which was served with a Solicitation Package pursuant to the Disclosure Statement Order.  The Holders of Impaired Claims have received adequate notice and the opportunity to object to the Releases by Holders of Claims and Interests.  The Releases by Holders of Claims and Interests provisions contained in Section 11.9 of the Plan are in bold, capitalized lettering in both the Plan and Disclosure Statement.  The Bankruptcy Court-approved Joint Hearing Notice accompanying the Ballots contained conspicuous language notifying Holders of Claims and Interests of the provisions.  The Releases by Holders of Claims and Interests   (i) are limited to acts and omissions in connection with, relating to, or arising out of these Chapter 11 Cases and related proceedings; and (ii) do not apply to personal, direct, non-derivative claims held by Holders of Claims and Interests.

d.      Based on the record of these Chapter 11 Cases and the evidence proffered, adduced, and/or presented at the Confirmation Hearing, the Bankruptcy Court finds that the non-debtor releases set forth in Section 11.9 of the Plan are consistent with the Bankruptcy Code and applicable law.  Each of the released parties therein shares an identity of interest with the Debtors, was instrumental to the successful prosecution of these Chapter 11 Cases and/or provided essential consideration that would not otherwise be available but for the agreement of such released parties.  Such releases are, individually and collectively, integral to, and necessary for the successful implementation of the Plan and supported by reasonable consideration.  Such releases are binding upon the releasing parties under Section 11.9 of the Plan and were appropriately disclosed.

e.    The exculpation provision set forth in Section 11.10 of the Plan is appropriately tailored to protect the exculpated parties from inappropriate litigation and does not relieve any party of liability for gross negligence, willful misconduct, or fraud.  The exculpated parties pursuant to Section 11.10 of the Plan have contributed substantial value to the Debtors and the formulation of the Plan.  Such exculpated parties' efforts in negotiating and ultimately formulating the Plan enabled the Debtors to file and proceed to confirmation of the Plan.  The injunctions set forth in Sections 11.5, 11.6, and 11.7 of the Plan comply with § 524 of the Bankruptcy Code and are important to the overall objectives of the Plan to finally resolve all claims against the Debtors in these Chapter 11 Cases.  Based upon the record of these Chapter 11 Cases and the evidence proffered, adduced, presented, and/or admitted at or prior to the Confirmation Hearing, the Bankruptcy Court finds that the releases, exculpations, and injunctions set forth in Section 11 of the Plan are consistent with the Bankruptcy Code and applicable law.

DD.    <u>Acted in Good Faith</u>.  Based on the record before this Court in these Chapter 11 Cases, the Debtors and their respective present and former officers, directors, members, managers, employees, representatives, counsel and other agents, successors and assigns have acted in "good faith" within the meaning of § 1125(e) of the Bankruptcy Code and in compliance with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules in connection with all their respective activities relating to the solicitation of acceptances to the Plan and their participation in the activities described in § 1125 of the Bankruptcy Code, and are entitled to the protections afforded by § 1125(e) of the Bankruptcy Code and the exculpation provisions set forth in Section 11.10 of the Plan.

EE.    <u>Modification</u>.    Pursuant to and in accordance with § 1127 of the Bankruptcy Code, the Plan made certain modifications to the First Amended Plan, including but not limited to (i) modifications of the releases, injunctions and exculpation provisions in Sections 11.8, 11.9 and 11.10 of the Plan; (ii) modifications to the treatment of Class 7 Claims for purposes of Distributions under the Plan; and (iii) modifications to the provisions concerning the Administrative and Priority Claims Reserve, all as detailed in the Plan.    All modifications to the First Amended Plan and the Plan through the date hereof constitute changes that do not materially and adversely change the treatment of any Claims or Interests. Accordingly, pursuant to Bankruptcy Rule 3019(a), these modifications do not require additional disclosure under § 1125 of the Bankruptcy Code, nor do they require additional solicitation of the Plan.

## DECREES

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Disclosure Statement is approved on a final basis as containing "adequate information" under § 1125 of the Bankruptcy Code.

2.    The Plan, as supplemented by the Plan Supplement and as modified herein or on the record of the Hearing, is approved and confirmed pursuant to § 1129 of the Bankruptcy Code; <u>provided</u>, <u>however</u>, that if there is any conflict between the terms of the Plan and the terms of this Confirmation Order, the terms of this Confirmation Order shall control.    The failure to include or refer to any particular section or provision of the Plan or the Plan Supplement in this Confirmation Order shall not impair in any way the effectiveness thereof, it being the intent of the Court that, except as otherwise set forth in this Confirmation Order, the Plan and Plan Supplement are approved in their entirety.

3.      Findings of Fact and Conclusions of Law.  Pursuant to Bankruptcy Rule 7052, findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact where appropriate.

4.      Objections.    All objections to approval of the adequacy of the Disclosure Statement and confirmation of the Plan have been resolved prior to entry of this Confirmation Order.

5.      Satisfaction of Claims.  To the fullest extent provided under §§ 105 and 1141(d) of the Bankruptcy Code, and except as otherwise specifically provided herein or in the Plan, the distributions, rights, and treatment that are provided in the Plan shall be in full and final satisfaction and settlement, as of the Effective Date, of all Claims, Interests, and causes of action of any nature whatsoever, including any interest accrued on Claims or Interests from and after the Petition Date, whether known or unknown, against, liabilities of, Liens on, obligations of, rights against, and Interests in, the Estates, the Debtors, or any of their assets or properties, regardless of whether any property shall have been distributed or retained pursuant to the Plan on account of such Claims and Interests, including demands, liabilities, and causes of action that arose before the Effective Date, any contingent or non-contingent liability on account of representations or warranties issued on or before the Effective Date, and all debts of the kind specified in §§ 502(g), 502(h), or 502(i) of the Bankruptcy Code, in each case whether or not: (i) a Proof of Claim or Interest based upon such Claim, debt, right, or Interest is filed or deemed filed pursuant to § 501 of the Bankruptcy Code; (ii) a Claim or Interest based upon such Claim, debt, right, or Interest is Allowed pursuant to § 502 of the Bankruptcy Code; or (iii) the Holder of such a Claim or Interest has accepted the Plan.  This Confirmation Order shall be a judicial determination of the satisfaction of all Claims and Interests subject to the Effective Date

occurring, except as otherwise expressly provided herein or in the Plan, provided, however, that the Plan is a liquidating plan and, as provided in § 1141(d)(3) of the Bankruptcy Code, the confirmation of a plan does not discharge a debtor if the plan provides for the liquidation of all or substantially all of the property of the estate.

6.      Binding Effect.  On the Effective Date, and effective as of the Effective Date, the Plan shall be binding upon the Debtors, the Committee, and all present and former Holders of Claims against and Interests in any Debtor, regardless of whether any such Holder of a Claim or Interest has voted or failed to vote to accept or reject the Plan and regardless of whether any such Holder of a Claim or Interest is entitled to receive any Distribution under the Plan.   On the Effective Date and the commencement of Distributions under the Plan, the Plan shall be deemed to be substantially consummated within the meaning set forth in § 1101 and pursuant to § 1127(b) of the Bankruptcy Code.

7.      Creditor Trust.   On the Effective Date, the Creditor Trust will be established pursuant to and in accordance with the terms of the Plan, including Section 6.7 thereof, and the Creditor Trust Agreement.   Peter Kravitz is appointed as the Creditor Trustee (provided that he files an affidavit of disinterestedness and no party-in-interest thereafter objects).   The Creditor Trustee shall have such powers, duties, and responsibilities as is provided for in the Plan and the Creditor Trust Agreement and shall be compensated in accordance with the Plan and the Creditor Trust Agreement.

8.      General Authorization.  As set forth in Section 6.4 of the Plan, on the Effective Date or as soon thereafter as is reasonably practicable, the Debtors and the Creditor Trustee may take any and all actions as may be necessary or appropriate to effect any transaction described in, approved by, contemplated by or necessary or appropriate to effectuate the Plan.

9.      <u>Transfer and Vesting of Assets</u>.  On the Effective Date, as provided in the Plan, (i) title to the Creditor Trust Assets shall vest in the Creditor Trust free and clear of all Liens, encumbrances, or interests of any kind; (ii) the Creditor Trust shall succeed to all rights and interests provided to the Debtors and the Estates under the Asset Purchase Agreement to the extent permitted under the Asset Purchase Agreement; and (iii) the Debtors, Committee and Creditor Trustee shall have the power and authority to enter into the Creditor Trust Agreement on the Effective Date.

10.      <u>Compensation and Reimbursement Claims</u>.  All final requests for payment of Claims of a Professional through the Effective Date shall be filed on or before the later of 30 days after the Confirmation Date and fifteen days after the Effective Date.    All Allowed Compensation and Reimbursement Claims shall be paid in accordance with Section 2.2 of the Plan.

11.      <u>Assumed and Rejected Contracts and Leases</u>.  As provided in Section 9 of the Plan, all executory contracts and unexpired leases to which any of the Debtors are parties are hereby rejected as of the Effective Date except for an executory contract or unexpired lease that (i) previously has been assumed pursuant to Final Order of the Bankruptcy Court; (ii) is specifically designated as an executory contract or unexpired lease to be assumed in the Plan or in any Plan Supplement; or (iii) is the subject of a separate assumption notice or of a motion filed by the Debtors under § 365 of the Bankruptcy Code prior to the Effective Date.    For the avoidance of doubt, the Purchaser has requested that the Debtors assume and assign to the Purchaser that certain Lease Agreement, dated as of September 6, 2001 (as amended, modified or supplemented, the "**Michigan Lease**"), by and between Advance Watch, as lessee, and Ashley Canton, LLC, as landlord, as assigned by landlord to 47440 Michigan Ave, LLC (the

"**Michigan Landlord**"), and the Debtors, the Committee and the Michigan Landlord have agreed to said requested assumption and assignment of the Michigan Lease, and, therefore, notwithstanding anything to the contrary in Section 9 of the Plan or in this Confirmation Order, and in accordance with the Sale Order, effective as of January 22, 2016, the Michigan Lease shall be assumed by the Debtors and assigned to the Purchaser without further application to or order of this Court.

12.    <u>Rejection Damages</u>.  As set forth in Section 9.2 of the Plan, in the event that the rejection of an executory contract or unexpired lease by any of the Debtors pursuant to the Plan results in a Rejection Damages Claim in favor of a counterparty to such executory contract or unexpired lease, such Rejection Damages Claim, if not heretofore evidenced by a timely and properly filed Proof of Claim, shall be forever barred and shall not be enforceable against the Debtors or the Creditor Trust, or their respective properties or interests in property as agents, successors, or assigns, unless a Proof of Claim is filed with the Bankruptcy Court and served upon counsel for the Debtors and the Creditor Trustee on or before the date that is 30 days after the Effective Date or such later rejection date that occurs in accordance with Section 9.4 of the Plan.

13.    <u>Insurance Policies</u>.  The Debtors' insurance policies and all rights thereunder that were not transferred to the Purchaser pursuant to the Asset Purchase Agreement shall be assigned to and/or vest in the Creditor Trust as set forth in Section 9.3 of the Plan.  Subject to the terms and provisions of the Plan, including without limitation, those in Section 6.7.8 concerning the Retained Privileges and the releases set forth in Section 11.8, the Creditor Trustee shall have the standing, authority, power and right to assert, prosecute and/or settle the Estate Claims and/or make a claim under any primary director and officer liability, employment practices liability, or

fiduciary liability insurance policies based upon its powers as a bankruptcy appointed representative of the Debtors' Estates with the same or similar abilities possessed by insolvency trustees, receivers, examiners, conservators, liquidators, rehabilitators or similar officials.

14.    Distributions; Reserves.    The provisions of the Plan governing distributions, reserves, and procedures for resolving and treating Disputed Claims under the Plan are approved and found to be fair and reasonable.  All distributions under the Plan shall be made in a non-discriminatory manner and in accordance with the Bankruptcy Code and the absolute priority rule.

15.    Consents and Approvals.  This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any State or any other governmental authority with respect to the implementation or consummation of the Plan and any other acts that may be necessary or appropriate for the implementation or consummation of the Plan.

16.    The Committee.  The Committee shall be dissolved following the Effective Date as set forth in Section 11.12 of the Plan.

17.    Releases.    The following releases, injunctions, exculpations, and related provisions of the Plan are reasonable, fair and equitable, and in the best interests of the Debtors' and their estates and are hereby approved and authorized in their entirety:

a.    The Debtor Releases provisions contained in Section 11.8 of the Plan;

b.    The Releases by Holders of Claims and Interests provisions contained in Section 11.9 of the Plan;

c.    The Exculpation provisions contained in Section 11.10 of the Plan; and

d.    The Injunction provisions set forth in Sections 11.5, 11.6 and 11.7 of the Plan.

18.    <u>Modifications and Amendments</u>.  The Plan and/or the Plan Supplement may be further amended, modified, or supplemented by the Debtors in the manner provided for by § 1127 of the Bankruptcy Code or as otherwise permitted by law without additional disclosure pursuant to § 1125 of the Bankruptcy Code, <u>provided</u> that notice and an opportunity to object shall be provided with respect to any material post-confirmation modifications to this Plan or the Plan Supplement.   In addition, after the Confirmation Date, the Debtors may institute proceedings in the Bankruptcy Court to remedy any defect or omission or reconcile any inconsistencies in the Plan, the Plan Supplement, or the Confirmation Order with respect to such matters as may be necessary to carry out the purposes and effects of the Plan.

19.    <u>Term of Injunctions or Stays</u>.  Except as otherwise provided in the Plan, to the extent permitted by applicable law and subject to the Bankruptcy Court's post-confirmation jurisdiction to modify the injunctions and stays under the Plan, (a) all injunctions with respect to or stays against an action against property of the Debtors' Estates arising under or entered during the Chapter 11 Cases under §§ 105 or 362 of the Bankruptcy Code, and in existence on the Confirmation Date, shall remain in full force and effect until such property is no longer property of the Debtors' Estates; and (b) all other injunctions and stays arising under or entered during the Chapter 11 Cases under §§ 105 or 362 of the Bankruptcy Code shall remain in full force and effect until the earlier of (i) the date that the Chapter 11 Cases are closed pursuant to a Final Order of the Bankruptcy Court or (ii) the date that the Chapter 11 Cases are dismissed pursuant to a Final Order of the Bankruptcy Court.

20.    <u>Inconsistency</u>.  In the event of an inconsistency between the Plan and any other agreement, instrument, or document intended to implement the provisions of the Plan, the provisions of the Plan shall govern.  In the event of any inconsistency between the Plan and any

agreement, instrument or document intended to implement the Plan and this Confirmation Order, the provisions of this Confirmation Order shall govern. Nothing in the Plan, including without limitation, this paragraph, shall alter, supersede, modify or invalidate any settlement or prior order of the Court approving any settlements.

21.   <u>Waiver of Stays</u>.   Notwithstanding the provisions of Bankruptcy Rule 3020(e) or any other stay purportedly affecting the effectiveness of this Confirmation Order, this Confirmation Order shall be effective and enforceable immediately upon entry and shall not be stayed.

22.   <u>Retention of Jurisdiction</u>.   This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Confirmation Order and all other matters arising in, arising under, and related to the Chapter 11 Cases for the purposes set forth in Section 12 of the Plan.

**IT IS SO ORDERED.**

Dated:  January 25, 2016.
          New York, New York

          _____/s/Martin Glenn_____
                MARTIN GLENN
          United States Bankruptcy Judge